**George Gregary KORKALA, Plaintiff,**

v.

**NATIONAL SECURITY AGENCY/CENTRAL SECURITY SERVICE, Defendant.**

No. 84 Civ. 1758.

United States District Court, E.D. New York.

May 13, 1985.

**MEMORANDUM AND ORDER**

GLASSER, District Judge:

By a notice of motion dated September 14, 1985, plaintiff moved this Court for an order granting him summary judgment on the ground that defendants have failed to respond to the summons and complaint in this action. Regrettably, plaintiff's motion was first brought to my attention last week, when the Court received a letter from plaintiff inquiring into the status of his motion. This delay was apparently caused by an inadvertent error on the part of a former employee in the Office of the Clerk of this Court, who mistakenly believed that this action was assigned to Judge Platt.

Defendants have not filed either an answer or any other response to the summons and complaint. However, a review of the file in this action reveals that defendants were never properly served with the summons and complaint. Consequently, the Court lacks personal jurisdiction over defendants. Plaintiff's motion for summary judgment must, therefore, be denied at this time.

The complaint was filed on April 24, 1984. On May 1, 1984, I issued an order granting plaintiff permission to proceed in forma pauperis and directing the United States Marshal to serve process on defendants. The Marshal's receipt for the service of process indicates that the summons and complaint were served by mail on only the "National Security Agency/Central Securi-

ty Service." The receipt further indicates that service was effected by mail "pursuant to Rule 4(c)(2)(C)(ii)" of the Federal Rules of Civil Procedure, and that the acknowledgment of service required by that Rule was never received.

The service of process is deficient for several reasons. First, service on an officer or agency of the United States will only be complete after the United States has been served by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, and by sending a copy of the summons and complaint by registerd or certified mail to the Attorney General of the United States in Washington, D.C.Fed.R.Civ.P. 4(d)(4) & (5). There is no indication that copies of the summons and complaint were so delivered or sent to either the United States Attorney or the Attorney General. Second, there is no indication that service on the defendant agencies was made by registered or certified mail, as required by Rule 4(d)(5). To the contrary, the process receipt states that service was made pursuant to Rule 4(c)(2)(C)(ii), which provides for service by regular first-class mail. By its own terms, Rule 4(c)(2)(C) including subdivision (ii), does not authorize methods for service on the United States or its officers and agencies. Furthermore, service under Rule 4(c)(2)(C)(ii) is not proper where, as here, the defendants are not found within the forum state. *William B. May Co. v. Hyatt*, 98 F.R.D. 569 (S.D.N.Y.1983). For all of these reasons, defendants were never properly served in this case.

Rule 4(j) of the Federal Rules of Civil Procedure provides that an action shall be dismissed if service of the summons and complaint is not made within 120 days after the filing of the complaint, unless the party on whose behalf such service is required shows good cause for failing to serve within that period. In this case, the failure to serve was solely the fault of the United States Marshal. Accordingly, I find that plaintiff had good cause for the failure to serve defendants in a timely fashion. I therefore conclude that this case should not be dismissed.

The Clerk of the Court is directed to issue process to the United States Marshal for service on defendants. The Marshal shall accomplish service by:

(1) sending a copy of the summons and complaint to defendants by registered or certified mail;

(2) delivering a copy of the summons and complaint to the United States Attorney for the Eastern District of New York, or his agent authorized pursuant to Fed.R.Civ.P. 4(d)(4); and

(3) sending a copy of the summons and complaint by registered or certified mail to the United States Attorney General in Washington, D.C.

SO ORDERED.