**BOARD OF TRUSTEES OF TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC.—PENSION FUND, Plaintiff,**

v.

**William A. CANNY, et al., Defendants.**

No. 94–CV–1336.

United States District Court,
N.D. New York.

Feb. 11, 1995.

Roberto Law Firm, Philadelphia, PA (Elizabeth Roberto, of counsel), for plaintiff.

Edward F. Crumb, Binghamton, NY, for defendants William Canny and Dorothy Conlon.

Pemberton, Briggs Law Firm, Schenectady, NY (Paul Briggs, of counsel), for defendants Joseph Canny and Barbara Briggs.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Presently before the Court are two motions made returnable December 23, 1994. The first motion is brought by defendants William Canny and Dorothy Conlon for dismissal of the complaint pursuant to Fed. R.Civ.P. 12(b)(5) and (6). The second motion is brought by the plaintiff against all the defendants, excepting defendant Joseph Fletcher, for summary judgment made pursuant to Fed.R.Civ.P. 56.

## I. BACKGROUND

Plaintiff Board of Trustees is the sponsor of a multiemployer pension plan covering employees in the trucking industry. The plan is established and maintained pursuant to collective bargaining agreements and Declaration of Trust between Local Union 560 and the Motor Carriers Association of North Jersey.

Canny Trucking Co., Inc. (hereinafter "Canny Trucking") was a corporation organized and existing under the laws of the State of New York. It was signatory to an agreement under which it had an obligation to make contributions to the plaintiff's Pension Fund as a participating employer. On September 21, 1987, Canny Trucking filed a petition for relief under bankruptcy laws in the United States Bankruptcy Court for the Northern District of New York. During the course of the bankruptcy proceeding, Canny Trucking [1] discontinued all of its operations which in turn effectuated the complete withdrawal of the company from the Pension Fund as defined in 29 U.S.C. § 1383(a).

Following this withdrawal, plaintiff imposed a withdrawal liability assessment of $1,221,191.00 against Canny Trucking based upon 1987 figures. This assessment was to be payable over time in 156 monthly installments. Plaintiff states that notice of the withdrawal liability assessment was properly given. Canny Trucking thereafter defaulted on its payments which resulted in the acceleration of the balance of the payments due.

Prior to April 26, 1985, all of the defendants were sole shareholders of Canny Trucking. But on the said date, defendants entered into an agreement with David Lindsey and Canny Trucking under which a portion of their shares were sold to Mr. Lindsey and the remainder were redeemed by the corporation. After this transaction, defendants no longer were shareholders in Canny Trucking.

The same defendants who were shareholders in Canny Trucking were also common owners of certain real property known as 6–18 Spring Forest Avenue in Binghamton, New York.

Plaintiff's complaint alleges that the joint ownership and leasing of the subject real property by some of the defendants constitute a "real estate leasing proprietorship and/or de facto partnership" and further that this enterprise was a "trade or business" under common ownership and control with Canny Trucking thereby triggering the "controlled group" provisions of ERISA with respect to payment of withdrawal liability assessments.

Plaintiff now seeks judgment jointly and severally against the defendants for $1,221,-191.00 withdrawal liability assessment, together with interest, liquidated damages, and attorney's fees.

## II. DISCUSSION

Before we delve into the pending motions, the Court will first attempt to do some house-cleaning.

Initially, the caption of this case has, as defendants, twelve parties. A closer examination of the record reveals, however, that of the twelve defendants, only six were served

---

1. The Complaint misnamed the company as Central Transfer Company.

with a summons and complaint. These defendants are William Canny, Dorothy Conlon, Joseph Fletcher, Joseph Canny, Barbara Briggs, and Franklin Fletcher. Thus, at this point in time, the Court will only concern itself with these defendants.

### a) Rule 12(b)(5)

Initially, defendants William Canny and Dorothy Conlon move to dismiss the complaint alleging that the plaintiff has failed to serve the summons and complaint on the said parties within the 120 day provision of Fed. R.Civ.P. 4(m). The facts reveal that these two defendant were served two days beyond the 120 day limitation. It is thus argued that the Court should dismiss the complaint against these two defendants in light of plaintiff's failure to show "good cause" for failure to serve within the prescribed time period. Plaintiff counters this argument by pointing out that an extension for service beyond the 120 days was obtained from the Court on May 3, 1994.

In reading Judge Lechner's May 3rd Order, the Court agrees with defendants in that it seems very doubtful that Judge Lechner's Order extending the time limitation for service applied to the two defendants in question. This conclusion is of no moment, however, because the recently amended Rule 4(m) gives the Court discretion to allow the late service of a summons and complaint.

■ Rule 4(m) states, in part,

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or in its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time;* provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The amended Rule 4(m), which took effect in December of 1993, retained much of the language of former Rule 4(j). The most significant change in the rule, however, is that it now authorizes the court to relieve a plaintiff of the consequences of an application of this section even if good cause is not shown. Notes from the Advisory Committee on the Federal Rules reveal that such relief may be justified if, for example, the applicable statute of limitations would bar the refiled action. *See* Notes of Advisory Committee on Rules for the 1993 Amendments for Rule 4(m); Wright & Miller, 4A *Federal Practice and Procedure 2d* § 1137 (1987) (Supp.1994).

■ Since service upon the two defendants was perfected only two days beyond the 120 day limitation and because the applicable statute of limitation would bar plaintiff's refiling of the instant action against these two defendants, it is hereby determined that the service effectuated on defendants William Canny and Dorothy Conlon will stand and that the instant action will continue against these defendants. Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(5) is denied.

It is here noted that all the cases cited to by the defendants predate the 1993 amendments to the Federal Rules of Civil Procedure. Thus, those cases which were good law at one time are no more.

### b) Rule 12(b)(6)

Defendants further move under Fed. R.Civ.P. 12(b)(6) to dismiss the complaint contending that the complaint fails to state a viable cause of action for imposing liability on the defendants under the laws of ERISA. More specifically, it is argued that· the complaint fails to sufficiently allege that the defendants stock sale and redemption was in fact an action to "evade or avoid withdrawal liability" under ERISA.

■ As counsels are well aware, on a motion to dismiss, the facts alleged by the plaintiffs are assumed to be true and must be liberally construed in the light most favorable to the plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). While the court need not accept mere conclusions of law, the court should accept the pleader's description of what happened along with any conclusions that can

reasonably be drawn therefrom. *Murray v. City of Milford,* 380 F.2d 468 (2d Cir.1967). Thus, the court's inquiry on this Rule 12(b)(6) motion is merely directed to whether plaintiff's allegations constitute a statement of claim under Rule 8(a), which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

■ In sum, a complaint should not be dismissed for failure to state a claim unless it appears, beyond doubt, that the plaintiff can prove no set of facts which would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985); *Wanamaker v. Columbian Rope Co.,* 740 F.Supp. 127 (N.D.N.Y. 1990).

■ Examining the instant complaint in light most favorable to the plaintiff, the Court agrees with the defendants' assessment of the deficiencies on the face of the complaint. In order for the complaint to state a viable cause of action against the defendants, it is imperative that it demonstrate that the defendants in question controlled Canny Trucking during the time period of Canny Trucking's withdrawal from the multiemployer plan. In order for the plaintiff to place liability on the defendants, this one fact must be alleged in the complaint. Failure to do so would be fatal.

In the case at bar, plaintiff attempts to impose liability on the defendants not by alleging that they were shareholders of Canny Trucking at the time of its withdrawal, but, rather, by alleging that by selling their shares, the defendants were in fact attempting to "evade or avoid withdrawal liability" and thus, rendering the stock transaction moot under ERISA. *See* 29 U.S.C. § 1392(c). Although the plaintiff's reading of the law is correct, the complaint must nevertheless be dismissed. This conclusion is reached because the complaint is void of any facts which would support plaintiff's above-mentioned conclusion. The facts as stated in the complaint allege that the stock transaction occurred in 1985. The complaint further alleges that due to Canny Trucking's bankruptcy proceedings, its complete withdrawal from the pension plan took place in 1987—two full years after the stock transaction in question took place. There are no other relevant allegations made in the complaint.

There simply are no facts, as alleged, which would support the conclusion that the defendants made the transaction in an attempt to evade ERISA liability. This determination is made even if the facts are looked at in light most favorable to the plaintiff. As stated earlier, the court need not accept mere conclusions of law, but rather should only accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom. *Murray,* 380 F.2d 468. From the facts presented in the instant complaint, no reasonable inferences can be drawn which would lead the reader to plaintiff's conclusion. Therefore, the complaint must be dismissed.

■ While the Court is mindful of the fact that only defendants William Canny and Dorothy Conlon have moved to dismiss the instant complaint, it is hereby determined that the complaint is dismissed as to all defendants. This determination is made because all of the defendants are similarly situated and moreover, because the plaintiff had ample notice and opportunity to oppose the instant motion to dismiss. *See Walner v. Friedman,* 410 F.Supp. 29, 34 (S.D.N.Y. 1975); *Washington Petroleum & Supply Co. v. Girard Bank,* 629 F.Supp. 1224, 1230–31 (M.D.Pa.1983).

Accordingly, the complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) as to all the defendants. This dismissal is without prejudice however, and plaintiff may amend its complaint within 45 days of the filing of this order.

At this juncture, the dismissal of the complaint has rendered plaintiff's motion for summary judgment moot, and hence, the said motion need not be addressed. The plaintiff may renew its motion after filing its amended complaint within the prescribed time period.

## III. CONCLUSION

For the reasons stated herein, defendants' motion to dismiss made pursuant to Fed.

R.Civ.P. 12(b)(6) is granted as to all of the defendants. This dismissal is without prejudice however, and plaintiff may amend its complaint within 45 days of the filing of this Order. The granting of the motion to dismiss has rendered plaintiff's motion for summary judgment moot.

**IT IS SO ORDERED.**