**Thelma MEJIA, Plaintiff,**

v.

**CASTLE HOTEL, INC. and Local 144, Hotel and Allied Service Employees Union, Defendants.**

No. 95 Civ. 1692 (JES).

United States District Court, S.D. New York.

Jan. 10, 1996.

Michael O'Neill, New York City, for Plaintiff.

Jacoby & Meyers, New York City, for Defendant Castle Hotel, Inc. (Don B. Panush, of counsel).

Gladstein, Reif & Meginniss, New York City, for Defendants Local 144, Hotel and Allied Service Employees Union (Kent Y. Hirozawa, of counsel).

## 344

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge.

Plaintiff Thelma Mejia brings the instant action against Castle Hotel, Inc. ("Castle Hotel") and Local 144, Hotel and Allied Service Employees Union ("Local 144"), alleging breach of a collective bargaining agreement and breach of the duty of fair representation. Pursuant to Federal Rule of Civil Procedure 12(b)(5), Castle Hotel and Local 144 (collectively "defendants") move to dismiss the instant action for failure to serve process within 120 days of the filing of the complaint. Pursuant to Federal Rules of Civil Procedure 4(m) and 6(b), Mejia cross-moves for an order enlarging her time to serve process. For the reasons set forth below, defendants' motion to dismiss is denied.

## BACKGROUND

Defendant Local 144 is a labor organization which represents employees in the hotel industry in negotiating collective bargaining agreements governing the terms of their employment. *See* Declaration of Kent Y. Hirozawa Sworn to October 30, 1995 ("Hirozawa Decl.") ¶ 2. Prior to the relevant events herein, defendant Castle Hotel entered into a Collective Bargaining Agreement ("CBA") with Local 144, whereby Local 144 became the sole and exclusive bargaining agent of all clerical, maintenance and housekeeping employees of Castle Hotel.[1] *See* Complaint and Demand for Jury Trial dated March 12, 1995 ("Compl.") ¶ 8.

In or about September 1991, Thelma Mejia began working as a night reception clerk for defendant Castle Hotel. Compl. ¶ 9. Shortly thereafter, Mejia became a member of Local 144. *Id.* ¶ 10. In or about November 1993, Castle Hotel laid off Mejia, purportedly for economic reasons. *Id.* ¶ 12. Several weeks later, Castle Hotel re-hired Mejia. *Id.* ¶ 13. Mejia alleges that, after she was re-hired, Castle Hotel violated the terms of the CBA by, *inter alia*, compensating her at

wages below those required by the CBA. *Id.* ¶ 19. In February 1994, Castle Hotel again terminated Mejia's employment. *Id.* ¶ 14.

Prior to filing the instant action, Mejia filed charges of discrimination on the basis of gender and national origin with the New York City Commission on Human Rights and the United States Equal Employment Opportunity Commission ("EEOC"). *See* Declaration of Michael G. O'Neill Sworn to November 28, 1995 ("O'Neill Decl.") ¶ 7. On March 13, 1995, Mejia filed the instant action. *Id.* In her complaint, Mejia alleges, *inter alia*, that her terminations were without cause and contrary to certain seniority requirements, in violation of the CBA. Compl. ¶¶ 20, 25. In her attorney's declaration, it is also alleged that Castle Hotel terminated her employment in 1993 and 1994 in retribution for her rejection of sexual advances made by Castle Hotel's owner and president, Reginald Evans. *Id.* ¶¶ 4–5. In addition, Mejia alleges that Local 144 breached its duty to provide fair representation by failing to represent her with respect to breaches of the CBA by Castle Hotel. Compl. ¶ 32.

■ Based upon the advice of her counsel, Mejia delayed serving process in the instant action in anticipation of receiving her Right to Sue letter prior to the expiration of her time to serve process. O'Neill Decl. ¶ 8. Assuming that that occurred, Mejia intended to amend the complaint to assert her discrimination claims against defendants in the same action. *Id.* However, at the time that the six-month statutes of limitations on her breach of duty of fair representation and breach of collective bargaining agreement claims were about to expire, Mejia still had not received her Right to Sue letter from the EEOC.[2] *Id.* ¶¶ 7–8.

As a result of the foregoing, Mejia's counsel engaged a process server to timely serve the defendants in the instant action. Due to an error of counsel for Mejia, however, defendants were served with the administrative complaints filed by Mejia with the New York

---

1. Although it is unclear precisely when Local 144 and Castle Hotel entered into the CBA, the filings reveal that the CBA was in existence prior to the relevant events herein.

2. Mejia's claims are subject to a six month statute of limitations. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 170–172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983).

City Commission on Human Rights, instead of the summons and complaints in the instant action. *Id.* ¶ 9. Counsel for Mejia first discovered this error when he returned from vacation in mid-July 1995. *Id.* ¶ 10. Counsel for Mejia thereafter served the summons and complaint upon defendants on July 20, 1995. Thus, service was effectuated nine days after the expiration of the 120 day period to serve process provided by Fed.Rule Civ.P. 4(m). *Id.* ¶ 10.

Pursuant to Fed.R.Civ.P. 12(b)(5), defendants move to dismiss the instant action without prejudice on the ground that Mejia failed to serve process upon defendants within 120 days of the filing of the complaint, as required by Fed.R.Civ.P. 4(m). Castle Hotel also moves on the ground that Mejia served process upon an employee who allegedly was not authorized to receive service of process on behalf of Castle Hotel. Pursuant to Fed.R.Civ.P. 4(m) and 6(b), Mejia cross-moves for an enlargement of time to serve process upon defendants.[3]

### DISCUSSION

Under Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"), a plaintiff must serve process upon a defendant within 120 days of the filing of the complaint. Rule 4(m) further provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effectuated within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

Fed.R.Civ.P. 4(m).

The Court rejects defendants' argument that the Court should dismiss the complaint because Mejia failed to establish "good cause" for failure to serve within the prescribed time period. Where good cause is shown, Rule 4(m) requires the Court extend time to serve process. *See Petrucelli v. Bohringer,* 46 F.3d 1298, 1305 (3d Cir.1995). However, where, as in the instant case, good cause is not established,[4] a court may in its discretion decide whether to dismiss the case without prejudice or extend time for service. *See id.; see also Board of Trustees of Trucking Employees v. Canny,* 876 F.Supp. 14, 16 (N.D.N.Y.1995) (finding absence of good cause, the court exercised discretion under amended Rule 4(m) to declare valid service filed two days after expiration of 120 day limit).

Indeed, Rule 4(m), as amended in 1993, specifically changed the former Federal Rule of Civil Procedure 4(j) by authorizing the Court to use its discretion in extending the time to serve process beyond the 120 days limit in the absence of good cause. Moreover, Notes from the Advisory Committee on Rule 4(m) reveal that such relief may be justified where, as here, the applicable statute of limitations would bar a refiled action. Specifically, the Advisory Committee Notes to Rule 4(m) provide, in pertinent part:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service....

---

3. Specifically, Mejia cross-moves for an enlargement, *nunc pro tunc,* of plaintiff's time in which to effect service of process upon defendants, a declaration that Mejia's service of process upon defendants is timely and proper, and any further relief the Court deems just and proper. The Court construes Mejia's motion as being broad enough to encompass a request for enlargement of time to attempt re-service of process upon defendants.

4. Mistake or inadvertence of counsel for Mejia does not constitute "good cause" justifying failure to effect timely service of process. *See, e.g., McGregor v. United States,* 933 F.2d 156, 160 (2d Cir.1991); *Tillman v. New York State Dep't. of Mental Health,* 776 F.Supp. 841, 844 (S.D.N.Y. 1991).

Fed.R.Civ.P. 4(m), Advisory Committee Notes.

The Court concludes, therefore, that these circumstances justify the exercise of its discretion in favor of Mejia, *see Trucking Employees, supra,* 876 F.Supp. at 16, especially in view of this Circuit's clearly expressed preference that litigation disputes be resolved on the merits. *See, e.g., Cody v. Mello,* 59 F.3d 13, 15 (2d Cir.1995); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993). Moreover, the nine day delay of service of process has resulted in no prejudice to defendants. Indeed, Mejia forestalled service of process as long as possible in an attempt to consolidate all her claims against defendants into a single action.[5]

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss shall be and hereby is denied. The Court directs plaintiff to serve process upon defendants on or before January 19, 1996. All parties shall complete all discovery on or before April 30, 1996. A Pre–Trial Conference shall be held on March 8, 1996 at 10:30 a.m. in Courtroom 705.

It is **SO ORDERED.**

---

**5.** Because the Court is granting Mejia a new opportunity to serve process, it need not address Castle Hotel's claim that service was improperly made upon its employee Ms. Peguero, who was allegedly not authorized to receive process. In any event, Castle Hotel, by timely filing only an attorney's affidavit in support of this claim, has failed to establish by competent proof that Ms. Peguero was in fact not authorized to receive process.