**Christopher GOWAN, Plaintiff,**

v.

**TEAMSTERS UNION (237); Local 840; Get Jobs, Education & Training Program, Defendants.**

**No. 93 Civ. 5979(JES).**

United States District Court, S.D. New York.

Feb. 25, 1997.

---

Christopher Gowan, New York City, pro se.

Stroock & Stroock & Lavan, New York City (Howard S. Lavin, Stephanie B. Franco, of counsel), for Defendant Teamsters Local Employees Union 237.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff *pro se* Christopher Gowan brings the instant action against defendants Team-

sters Local Employees Union 237 ("Local 237"), Teamsters Local Employees Union 840 ("Local 840"),[1] and the Get Jobs, Education & Training Program (hereinafter "JET Program"),[2] alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. *See* 42 U.S.C. § 2000e et seq. Pursuant to Federal Rule of Civil Procedure 4(m), Local 237 moves to dismiss the instant action without of filing the complaint. For the reasons set forth below, Local 237's motion is granted and the action with respect to Local 840 is dismissed *sua sponte* without prejudice.

## BACKGROUND

On August 25, 1993, Gowan commenced the instant action *pro se* against Local 237, Local 840, and the JET Program (collectively the "defendants") and was allowed to proceed *in forma pauperis*.[3] On December 30, 1993, while the action was before District Judge Lawrence M. McKenna, Gowan requested an extension of time to serve the Summons and Complaint upon the defendants pursuant to Fed.R.Civ.P. 6(b). *See* Affidavit of Stephanie B. Franco, Esq. dated August 15, 1996 ("Franco Aff."), Exh. C. (Letter from Christopher Gowan to Hon. Lawrence M. McKenna of December 30, 1993, at 1). Judge

McKenna granted Gowan's request and extended his time to serve the defendants until March 31, 994. *See id.* (hereinafter "Judge McKenna's Order").[4]

On November 10, 1994, the action was reassigned to District Judge Harold Baer, Jr. On November 30, 1995, Gowan delivered his Summons and Complaint to the United States Marshal's Service for service upon the defendants.[5] *See* Franco Aff., Exh. E. On December 7, 1995, the U.S. Marshal's Service effected service upon Local 237. On February 5, 1996, service as to defendant Local 840 was returned unexecuted.[6]

By Order dated March 29, 1996, Judge Baer extended Gowan's time to serve Local 840 until April 26, 1996, and notified Gowan that his failure to effect service by that date would result in dismissal of the action with respect to that defendant. Judge Baer also warned Gowan that his failure to respond on or before April 26, 1996, to Local 237's motion to dismiss would result in the Court granting Local 237's motion by default.[7]

On April 11, 1996, Judge Baer recused himself from this action pursuant to Rule 18 of the Rules for the Division Among District Judges for the Southern District of New

---

1. Gowan incorrectly sued Teamsters Local Employees Union 237 as "Teamsters Union (237)," and Teamsters Local Employees Union 840 as "Local 840."

2. The JET Program is a federally funded program maintained by the educational department of Local 237. It is not a legal entity, therefore it is not a proper party to this action. *See* Affidavit of Stephanie B. Franco, Esq. dated August 15, 1996 ("Franco Aff."), ¶ 2 n. 1.

3. Gowan filed a discrimination charge against Local 237 with the New York State Division of Human Rights (the "NYSDHY") on or about July 8, 1988. The NYSDHR issued a "no probable cause" finding on April 6, 1993. *See* Franco Aff., ¶ 2. Gowan appealed this decision to the Equal Employment Opportunity Commission ("E.E.O.C."), which found that the evidence did not establish any statutory violations. *See* Franco Aff., Ex. A. The E.E.O.C. issued a "right to sue" letter on April 6, 1993. *Id.*

4. Gowan's letter was endorsed "SO ORDERED" and signed by Judge McKenna on December 31, 1993. It was filed with the Clerk of Court on January 18, 1994.

5. By virtue of his *in forma pauperis* status, Gowan is entitled to have service of his Summons and Complaint effected by the U.S. Marshal's Service. *See* 28 U.S.C. § 1915(c); Fed.R.Civ.P. 4(c)(2)(B)(I).

6. Service upon Local 840 was twice attempted by the U.S. Marshal's Service using information supplied by Gowan. In December 1995, service was attempted by mail upon "Lenwood Terry, Pres.," which was returned marked "Attempted, Not Known." *See* Process Receipt and Return, Form USM 285, "Teamsters Loc. 840 c/o Lenwood Terry, Pres." In April and May 1996, service was attempted by mail and in person upon "Mr. Lenwood Terry, President," at which time the Marshal's Service was told: "Mr. Terry has not been with the Union for many, many years." Process Receipt and Return, Form USM 285, "Teamsters Local 840 To Mr. Lenwood Terry, President." To date, Local 840 has never been served in this action.

7. Pursuant to Judge Baer's individual rules, Local 237 could not file it's motion to dismiss until the motion was fully briefed.

York. On April 24, 1996, the action was reassigned to this Court.

On April 26, 1996, Gowan filed a response to Local 237's motion to dismiss, representing that he had previously been unaware of Judge McKenna's Order but acknowledging that a message was left on his voice mail as to the "service deadlines." *See* Motion in Opposition to Defendants [sic] Motion to Dismiss My Motion ("Pltf. Response 1") dated April 26, 1996, at 1.

On May 17, 1996, a Pre–Trial Conference was held, at which time Gowan and Local 237 mistakenly represented to the Court that it was Judge Baer who originally extended Gowan's time to effect service. By Order dated May 20, 1996, in light of Judge Baer's recusal, the Court denied without prejudice Local 237's motion to dismiss and ordered Gowan's Complaint deemed timely served. On May 31, 1996, Local 237 renewed its motion to dismiss the action pursuant to Federal Rule of Civil Procedure 4(m) arguing, *inter alia*, that it was Judge McKenna, not Judge Baer, who had originally extended Gowan's time to effect service upon the defendants, that Gowan had failed to comply with Judge McKenna's Order, and that Gowan had failed to establish good cause to excuse his failure to effect timely service of process. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss dated May 31, 1996, at 3.

On July 12, 1996, a Pre–Trial Conference was held, at which time the Court explained to Gowan the potential consequences of Local 237's motion to dismiss and instructed Gowan that his response should detail why he had failed to comply with Judge McKenna's Order. By Order dated July 18, 1996, the Court vacated that portion of its Order dated May 20, 1996, wherein Gowan's Complaint was deemed timely served, denied without prejudice Local 237's pending motion to dismiss pursuant to Rule 4(m), and established a briefing schedule for Local 237 to move to dismiss the action pursuant to Rule 4(m).

On August 15, 1996, Local 237 moved to dismiss the action pursuant to Rule 4(m) arguing, *inter alia*, that Gowan's failure to effect timely service had resulted in substantial prejudice to its' defense. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss ("Deft.Memo.") at 10. On November 1, 1996, Gowan filed a response to Local 237's motion to dismiss, detailing his education and requesting that the Court "set aside al [sic] other motions until I am assigned an attorney." Opposition to Defendants [sic] Motion to Dismiss My Motion ("Pltf. Response 21") dated Nov. 4, 1996, at 1. On November 27, 1996, Local 237 filed a reply affirmation in further support of its' motion to dismiss. *See* Reply Affirmation of Stephanie B. Franco ("Franco Reply Aff.") dated November 27, 1996. On December 13, 1997, Oral Argument was held on Local 237's motion to dismiss, at which time Gowan failed to appear.

## DISCUSSION

█ Pursuant to Federal Rule of Civil Procedure 4(m), a district court shall dismiss an action without prejudice for plaintiff's failure to effect service of process within 120 days of the filing of a complaint.[8] *See* Fed. R.Civ.P. 4(m). Dismissal may be raised *sua sponte* by the court upon notice to the plaintiff, or by motion. *See id.*

█ Rule 4(m) requires a court to extend plaintiff's time to serve upon a showing of "good cause." *Id.; see, e.g., Petrucelli v. Bohringer,* 46 F.3d 1298, 1305 (3d Cir.1995). District courts generally consider three factors in determining whether "good cause" exists to warrant service outside the 120 day limit:

█ whether the delay in service was "the result of mere inadvertence," or whether there has been a "reasonable effort" to effect service[,] ... [2] prejudice to the defendant[,] ... [and 3] whether or not the

---

**8.** Fed.R.Civ.P. 4(m) provides in relevant part:

If service of the Summons and Complaint is not made upon a defendant within 120 days after the filing of the Complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without preju-

dice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

plaintiff has moved under Fed.R.Civ.P. 6(b) for an enlargement of time in which to effect service.

*Gordon v. Hunt,* 116 F.R.D. 313, 319–321 (S.D.N.Y.1987) (citations omitted).

■ However, where, as in the instant action, "good cause" is not established, a court may in its discretion extend this time "even if there is no good cause shown." Advisory Committee's Notes on 1993 Amendments to Fed.R.Civ.P. 4; *see also Henderson v. United States,* —— U.S. ——, —— n. 5, 116 S.Ct. 1638, 1641 n. 5, 134 L.Ed.2d 880 (1996); *Nobriga v. Dalton,* 1996 WL 294354, *2 (E.D.N.Y. May 28, 1996); *Mejia v. Castle Hotel, Inc.,* 164 F.R.D. 343 (S.D.N.Y.1996).

■ Gowan has offered no excuse for his failure to effect timely service upon Local 237 or Local 840. In evaluating the three factors for establishing "good cause" in light of the documents filed and procedural history of this action, it is clear that Gowan did not have "good cause" for his failure to effect service within the 90 day extension of time granted in Judge McKenna's Order.

Clearly, Gowan did not make a "reasonable effort" to effect service. Although he did request an extension pursuant to Rule 6(b) from Judge McKenna, Gowan did not make this request until 127 days after the Complaint was filed, one week after the 120 period had already expired.

Moreover, as a *pro se in forma pauperis* plaintiff, Gowan received the assistance of the United States government in effecting service of process. He need only have delivered to the U.S. Marshal's Service a copy of his Complaint with the correct addresses and names of the parties to be served within the designated time period. *See Landy v. Irizarry,* 884 F.Supp. 788, 793 (S.D.N.Y.1995). Instead, Gowan did not deliver copies of his Complaint to the U.S. Marshal's Service for service upon the defendants until 699 days

after Judge McKenna granted his request for an extension, 826 days after the Complaint was filed. It would be quite different had Gowan diligently delivered his Complaint to the U.S. Marshal for service within the 120 day time period and the U.S. Marshal's Service had failed to effect timely service. *See Romandette v. Weetabix Co.,* 807 F.2d 309, 311 (2d Cir.1986); *Friday v. U.S. Dept. of Justice,* 1994 WL 48956 (D.Or. Feb.7, 1994); *Korkala v. National Sec. Agency/Cent. Sec. Serv.,* 107 F.R.D. 229 (E.D.N.Y.1985). Here, however, the U.S. Marshal served Local 237 within seven days of receipt of the Complaint and was unable to effect service upon Local 840 because Gowan gave the U.S. Marshal's Service out-dated information.

Furthermore, Local 237 has demonstrated the likelihood that it would be prejudiced should the Court deem Gowan's service timely. From the time the Complaint was filed until it was served upon Local 237, 833 days passed. In his Complaint, Gowan claims the alleged discriminatory acts occurred in October 1987, over nine years ago. *See* Complaint ¶ 5. Joe McDermott, one of Local 237's employees whom Gowan claims discriminated against him, is no longer within Local 237's employ and may not be available to testify at trial. *See* Deft. Memo at 6. Further, evidence contained in the E.E.O.C. files pertaining to the events underlying this action may have been destroyed.[9] Therefore, the Court finds it likely that Local 237 would be prejudiced if Gowan's complaint were to be deemed timely.

It follows that the procedural history of this action does not merit the exercise of the Court's discretion in deeming Gowan's Complaint timely served as to Local 237 and in extending Gowan's time to serve Local 840. *See Mejia,* 164 F.R.D. at 345 (extension granted where service was effected nine days after 120 day period expired); *Board of Trustees of Trucking Employees v. Canny,*

---

**9.** In a letter from the E.E.O.C. to Christopher Gowan dated April 6, 1993, Gowan was warned that he must notify the E.E.O.C. of any lawsuits that he filed in connection with the E.E.O.C. charge in order to preserve the E.E.O.C. file:
 If suit is filed, send a copy of the court Complaint to the office where the charge was filed within 10 days after filing. The file will then

be preserved. Generally, E.E.O.C.'s rules call for this charge file to be destroyed two years from now unless E.E.O.C. is notified that suit has been filed in U.S. District Court.
*See* Franco Aff., Ex. A. The Court does not know if Gowan ever contacted the E.E.O.C. regarding this action.

876 F.Supp. 14, 16 (N.D.N.Y.1995)(extension granted where service was effected two days after 120 day period expired). Although the Advisory Committee Notes on the 1993 Amendment to Rule 4(m) state that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the re-filed action," *see* Advisory Committee's Notes on 1993 Amendments to Fed.R.Civ.P. 4, this "does not guarantee an extension for every case that is time-barred if re-filed." *Nobriga,* 1996 WL 294354 at *3; *accord Knorr v. Coughlin,* 159 F.R.D. 5 (N.D.N.Y.1994); *National Union Fire Ins. Co. v. Sun,* 1994 WL 463009 (S.D.N.Y. Aug. 25, 1994).

With respect to Local 840, the Court dismisses the action *sua sponte* pursuant to Rule 4(m) for Gowan's failure to effect service to date, over 1250 days after the Complaint was filed, and 1100 days since Judge McKenna's Order granted Gowan an extension. The Court finds that Judge Baer's Order dated March 29, 1996, which ordered Gowan to effect service upon Local 840 by April 26, 1996 or the action would be dismissed as to Local 840, notwithstanding his later recusal from the case, was effective at least as notice to Gowan of the consequences of his failure to effect timely service upon Local 840.

## CONCLUSION

For the reasons set forth above, defendant Local 237's motion to dismiss shall be and hereby is granted, and the action with respect to Local 840 shall be and hereby is dismissed *sue sponte.* The Clerk of Court is directed to enter dismissal without prejudice as to defendants Local 237 and Local 840 and to close the above-captioned action.[10]

It is **SO ORDERED.**

---

**10.** On November 4, 1996, Gowan filed an Application for Appointment of Counsel with the Court. In light of the Court's decision, the Court need not reach the merits of that application.