Mamdouh HUSSEIN, Plaintiff,

v.

**SHERATON NEW YORK HOTEL; Hotel Trade Council; Marvin Jefferson; Vitto J. Pitta; Hotel Association New York, Defendants.**

No. 99 Civ. 2434(SHS).

United States District Court,
S.D. New York.

June 1, 2000.

Mamdouh M. Hussein, Jersey City, NJ, pro se.

Judith A. Stoll, New York City, Michael F. McGahan, Steinbrecher & Ross, New York City, for defendant.

## *OPINION*

STEIN, District Judge.

*Pro se* plaintiff Mamdouh M. Hussein ("Hussein") brings this action pursuant to 42 U.S.C. § 1981 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 et seq. ("LMRA"). Plaintiff

alleges that he and similarly situated banquet waiters were denied equal wages and opportunities and that their union failed to adequately represent them regarding this denial. Plaintiff seeks equal pay and back wages. Defendants Hotel Association of New York ("Association"), Sheraton New York Hotel ("Sheraton Hotel"), and New York Hotel and Motel Trade Council move to dismiss the action pursuant to Fed. R.Civ.P. 12(b)(1), (b)(6), and (c) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the following reasons, defendants' motion is granted and the complaint is dismissed.

## BACKGROUND

Since 1982, plaintiff has been a member of Local 6, Hotel Employees and Restaurant Employees Union ("Local 6"). Local 6 is one of several local unions that form the New York Hotel and Motel Trade Council ("Union"). In 1985 the Union entered into a collective bargaining agreement ("CBA") with the Association, which represents 162 hotels in New York City. *See* Plaintiff's attached exhibit, Office of the Impartial Chairman, No. 85–211, at 1 (Nov. 21, 1985) ("Decision No. 85–211");[1] *see also* Complaint at ¶ 21. The CBA separated waiters designated to serve banquets into three categories: A-list, B-list, and roll call. *See* Decision No. 85–211, at 1–2. Hotels needing banquet waiters would fill vacancies by first selecting names from the A-list. *See* Decision No. 85–211, at 2–3. Once the names from the A-list were exhausted, the hotels would fill vacancies with names from the B-list. *See* Decision No. 85–211, at 2–3. Finally, after

exhaustion of the B-list, if vacancies still existed, the Union would supply banquet waiters from the list of waiters on the roll call. *See* Decision No. 85–211, at 2–3.

Sometime after the CBA was signed, the Sheraton Hotel and its "regular waiters" (i.e., banquet waiters on the A-list and B-list) agreed that gratuities would be distributed to banquet waiters based on the number of "shares" each waiter received, rather than the number of "covers," or guests, each waiter served. *See* Plaintiff's attached exhibit, Office of the Impartial Chairman, No. 93–13, at 1 (Feb. 2, 1993) ("Decision No. 93–13"). The shares were calculated by giving two shares to each waiter serving a single table (usually 8–12 guests) and three shares to each waiter serving a "split."[2] Although the roll call waiters were not parties to the agreement, the Sheraton Hotel calculated their gratuity based on the share system.

In accordance with the CBA, Hussein, a roll call waiter, filed a grievance challenging the roll call waiters' inclusion in the share system. On February 2, 1993, the Impartial Chairman held that the agreement between the Sheraton Hotel and its "regular waiters" did not apply to roll call waiters and therefore, the Sheraton must exclude roll call waiters from participating in the share system. Decision No. 93–13, at 1–2. The Impartial Chairman also held that a roll call waiter's gratuity must be based on the number of guests actually served by the waiter and not the number of shares. Decision No. 93–13, at 1–2.

After six years of not participating in the share system, Hussein reversed his

---

**1.** Plaintiff attached to his complaint several exhibits integral to the complaint including each arbitration decision referred to in this decision. Accordingly, those arbitration decisions are considered on this motion to dismiss pursuant to Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes"). *See Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 672 (2d Cir.1995); *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir.1993); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991); *see, e.g., Odom v.*

*Columbia University,* 906 F.Supp. 188, 193 (S.D.N.Y.1995) (citing *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 15 (2d Cir.1993); *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993)).

**2.** A "split" occurs when a waiter is assigned to serve more than the "standard setup"— usually 8–12 guests—resulting in the waiter covering more than one table. Decision No. 93–13, at 1–2.

position and filed a grievance challenging roll call waiters' *exclusion* from the share system. On March 2, 1999, the Impartial Chairman held that:

> The Hotel has complied with the ... [1993] decision for over 6 years and it is unambiguous and requires no clarification. If this grievance is considered an application for reopening and reconsideration, the Union does not claim there is any new evidence or newly discovered facts which would warrant reopening. Instead, the Union's contention, based apparently upon the dissatisfaction of two roll call waiters, is that the ... decision is unfair and inequitable to those roll call waiters. Under the criteria and long standing precedents established by decisions of this Office, in dealing with such applications ... the Union's contention does not warrant reopening and reconsideration.

Office of the Impartial Chairman, No. 99–12, at 1–2 (Mar. 2, 1999) ("Decision No. 99–12").

■ On April 1, 1999, Hussein filed this action claiming that the defendants are "paying roll call waiters less than steady employees [A-list and B-list waiters]." Complaint at ¶¶ 6, 10. On August 3, 1999, Magistrate Judge Michael H. Dolinger, to whom the action had been referred for general pretrial supervision, ordered Hussein to demonstrate good cause why the defendants had not been served with the summons and complaint. *See* Fed. R.Civ.P. 4(m). The following month Judge Dolinger found that Hussein had failed to show good cause, but nonetheless granted plaintiff an additional thirty days to serve the defendants. On October 13, 1999 Hus-

sein returned proof of service of the summons and complaint on the Association, the Sheraton Hotel, and the Union. Those defendants now move to dismiss the complaint.[3]

## DISCUSSION

Viewing Hussein's complaint in the most favorable light, *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996) (*pro se* complaints must be reviewed " 'to raise the strongest arguments that they suggest' ") (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)), he sets forth two claims for relief. He alleges first that the roll call waiters are being denied "equal rights" under 42 U.S.C. § 1981. Complaint at ¶ 5. Hussein's second claim is that defendants have engaged in an "unlawful labor practice" in violation of Section 301 of the LMRA. *Id.* at ¶ 4.

### A. Standard of Review

When reviewing a motion to dismiss for failure to state a claim for relief, a court must accept as true the allegations of the complaint and must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of the non-moving party. *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993). Dismissal of the complaint is only proper when "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir.1998); *Gangemi v.*

---

**3.** Plaintiff has failed to execute service of the summons and complaint on defendants Jefferson and Pitta. The United States Supreme Court has held that the liberal reading granted to *pro se* pleadings does not extend to excusing the failure of *pro se* litigants to comply with clear procedural requirements. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Plaintiff has been given two warnings and an opportunity to provide good cause as to why

these defendants have not been served. As Jefferson and Pitta have not been served and plaintiff has failed to set forth good cause, the claims against them are dismissed for failure to serve the summons and complaint in accordance with Fed.R.Civ.P. 4(m). *See Yosef v. Passamaquoddy Tribe,* 876 F.2d 283, 287 (2d Cir.1989); *Echevarria v. Dep't of Correctional Services of New York City,* 48 F.Supp.2d 388 (S.D.N.Y.1999); *Gowan v. Teamsters Union (237),* 170 F.R.D. 356 (S.D.N.Y.1997).

*Johnson,* 1999 WL 777861, *1 (S.D.N.Y., Sept. 30, 1999).

### B. Class Certification

■ We first address Hussein's request to certify this action as a class action. *See* Complaint at 11–13 (Petition to certify class). "It is well settled in this circuit that *pro se* plaintiffs cannot act as class representatives. They do not satisfy the requirements of [Fed.R.Civ.P.] 23(a)(4)." *McLeod v. Crosson,* 1989 WL 28416, at *1 (S.D.N.Y. Mar. 21, 1989); *see Nwanze v. Philip Morris Companies,* 1999 WL 292597, *2 (S.D.N.Y. May 10, 1999); *Wise v. Chassin,* 1997 WL 790585, *2 n. 2 (S.D.N.Y. Dec 24, 1997); *Naum v. City of New York,* 1996 WL 140305, *1 (S.D.N.Y. Mar 28, 1996) (citing *Osipova v. Home Energy Assistance Program,* 1985 WL 3956, at *2 (S.D.N.Y.) ("the law is settled that *pro se* litigants cannot qualify as adequate class representatives")). Hussein, proceeding *pro se,* cannot act as class representative and therefore, his request for class certification is denied.

### C. Claim Pursuant to 42 U.S.C. § 1981

Hussein alleges that defendants violated his civil rights pursuant to 42 U.S.C. § 1981 by committing an "unfair labor practice towards the members of Roll Call ... [and] their right to work without discrimination in the form of equal payment." Complaint at ¶ 6. Section 1981 prohibits "certain racially motivated and purposely discriminatory acts." *Yusuf v. Vassar College,* 35 F.3d 709, 714 (2d Cir.1994) (citing *General Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982)); *Albert v. Carovano,* 851 F.2d 561, 572 (2d Cir.1988) (en banc).

■ In order to establish a Section 1981 claim, a plaintiff must allege facts that: 1) he is a member of a racial minority; 2) the defendants intended to discriminate on the basis of race; and 3) the discrimination concerned one or more of the activities enumerated in the statute including the making and enforcing of contracts. *Brown v. City of Oneonta, N.Y.,* 195 F.3d 111 (2d Cir.1999) (citing *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993) (per curiam)).

Section 1981's prohibition against racial discrimination has only been expanded to include discrimination based on ancestry or ethnic characteristics. *See St. Francis College v. Al–Khazraji,* 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Magana v. Com. of Northern Mariana Islands,* 107 F.3d 1436, 1446–47 (9th Cir. 1997); *see also Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) (Section 1981 does not prohibit discrimination based on gender or religion); *Al–Khazraji,* 481 U.S. at 613, 107 S.Ct. 2022 (Section 1981 does not prohibit discrimination based on national origin); *Kodish v. United Air Lines, Inc.,* 628 F.2d 1301, 1303 (10th Cir.1980) (Section 1981 does not prohibit discrimination based on age).

■ The basis of Hussein's discrimination claim is his status as a roll call waiter. Because Section 1981 does not prohibit discrimination based on employment categorization, plaintiff's Section 1981 claim is dismissed.

### D. Claim Pursuant to LMRA

Hussein's final claim is against the Association and the Sheraton Hotel for breach of the CBA and against the Union for breach of its duty of fair representation. Defendants contend that the claim is barred by the statute of limitations or, in the alternative, the claim is substantively deficient.

A claim by a union member against both his employer and union is considered a "hybrid" Section 301 claim. *See DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 163–64, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Vaca v. Sipes,* 386 U.S. 171, 184–86, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Such a claim is comprised of two causes of action: the suit against the

employer and the suit against the union. "Yet the two claims are inextricably interdependent. 'To prevail against either the company or the Union ... [plaintiff] must not only show that [the employer acted] contrary to the [CBA] but must also carry the burden of demonstrating a breach of duty by the Union.'" *DelCostello,* 462 U.S. at 164, 103 S.Ct. 2281 (quoting *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 66–67, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring in the judgment) (citation omitted)).

Liberally construed, Hussein alleges that the Sheraton is violating the CBA by refusing to include roll call waiters in the share system and by granting splits to its regular waiters, thereby denying roll call waiters work opportunities. Hussein relies on three decisions from the Office of the Impartial Chairman to support his allegations. He claims that in Decision Nos. 85–211 and 86–66 the Impartial Chairman held that hotels could not utilize splits for any waiter. Complaint at ¶ 11 (1986 decision "stopped a steady [A-list and B-list] from being assigned a ... 'split' since the contract guarantees only ... 'one table' for any [waiter]."), ¶ 12 (1986 decision found splits to be "illegal"), ¶ 18 (1986 decision "concluded ... that split[s are] illegal"). Hussein further claims that Decision No. 93–12 unlawfully discriminates against plaintiff by precluding roll call waiters from participating in the share system. Complaint at ¶ 9 (1993 "arbitrator wrongly followed the Hotel illegal unequal treatment of roll call").

**i. Statute of limitations**

Even accepting Hussein's interpretation of the Impartial Chairman's decisions, the complaint must be dismissed as barred by the applicable statute of limitations. The statute of limitations governing a hybrid Section 301 action is six months. *White v. White Rose Food,* 128 F.3d 110, 114 (2d Cir.1997) (citing *DelCostello,* 462 U.S. at 169, 103 S.Ct. 2281). The statute begins to run "when the employee knew or should

have known of the breach of the duty of fair representation." *White,* 128 F.3d at 114 (citing *Cohen v. Flushing Hosp. & Med. Ctr.,* 68 F.3d 64, 67 (2d Cir.1995)). Furthermore, "[o]nce a plaintiff learns of his union's breach of its duty of fair representation, the union's subsequent failure to actually represent the plaintiff[ ] 'cannot be treated as a continuing violation that preclude[s] the running of the limitations period.'" *Buttry v. General Signal Corp.,* 68 F.3d 1488, 1492 (2d Cir.1995) (quoting *Flanigan v. International Bhd. of Teamsters,* 942 F.2d 824, 827 (2d Cir.1991)).

█ Hussein knew or should have known of the Union's alleged breach of the duty of fair representation more than six months before he filed this action on April 1, 1999. Hussein claims that the Sheraton Hotel violated the CBA by excluding roll call waiters from the share system and that the Union failed to represent him on this claim. Essentially, Hussein's claim stems from Decision No. 93–13, which excluded roll call waiters from the share system. Thus, his claim clearly dates back to Decision No. 93–13, decided on February 2, 1993, when he grieved the inclusion of roll call waiters in the share system. Furthermore, any allegation of unfair representation by the Union should have been known after Decision No. 93–13 was decided. *See Ghartey v. St. John's Queens Hospital,* 869 F.2d 160, 163–66 (2d Cir. 1989).

In addition, plaintiff has commenced several other litigations in this Court that indicate that he knew or should have known about the alleged unfair representation more than six months before he filed this action. *See, e.g., Hussein v. Hotel Employees and Restaurant Union Local 6 et al.,* 1999 WL 767429, No. 98 Civ. 9017(SAS)(S.D.N.Y.1999) (attached exhibits to complaint refer to disparity in roll call wages); *Hussein v. Broomfield et al.,* 1995 WL 488113, No. 95 Civ. 41(KMW)(S.D.N.Y.1995) (same); *Hussein v. Pierre Hotel et al.,* 1996 WL 19029, No. 93 Civ. 3698(MGC)(S.D.N.Y.1996) (same).

Accordingly, Hussein's LMRA claim of unfair representation due to the exclusion of roll call waiters from the share system is barred by the statute of limitations.

Hussein's claim of unequal work opportunity is barred by the statute of limitations. Hussein claims that he is being denied work opportunities because the Sheraton Hotel continues to assign splits in violation of the CBA as defined in Decision Nos. 85–211 and 86–66. He further claims that the Union failed to represent him in Decision Nos. 85–211 and 86–66, by advocating a position contrary to his current position (i.e., the Union argued that *regular waiters are entitled to splits*).

However, not only were Decision Nos. 85–211 and 86–66 decided fifteen years ago, but they have also been consistently enforced since that time. *See Ghartey,* 869 F.2d at 163–66; *Dittman v. General Motors Corp.,* 941 F.Supp. 284, 288 (D.Conn.1996), aff'd, 116 F.3d 465 (2d Cir. 1997). Like plaintiff's claim based on unequal pay, his claim based on Decision Nos. 85–211 and 86–66—that regular waiters should not be assigned splits—was noted in Hussein's prior court proceedings. Accordingly, Hussein's claim of unequal work opportunity is dismissed as time barred.

Hussein's opposition papers claim that the statute of limitations began to run on March 2, 1999, the date of the Impartial Chairman's decision in Decision No. 99–12. *See* Plaintiff's Letter in opposition to Motion to Dismiss dated Dec. 14, 1999. The United States Court of Appeals for the Second Circuit, however, has held that a claim cannot be revived simply by making a formal request for a rehearing. *White,* 128 F.3d at 115. As noted in the 1999 decision, plaintiff was rearguing issues already raised and decided in 1993. Decision No. 99–12, at 1–2 ("If this grievance is considered an application for reopening and reconsideration, the Union does not claim there is any new evidence or newly discovered facts which would warrant reopening. Instead, the Union's contention,

based apparently upon the dissatisfaction of two roll call waiters, is that the ... decision is unfair and inequitable to those roll call waiters. Under the criteria and long standing precedents established by decisions of this Office, in dealing with such applications ... the Union's contention does not warrant reopening and reconsideration"). Because the 1999 grievance is simply an attempt to relitigate the 1993 grievance, plaintiff's reliance on March 2, 1999, as the accrual date is misplaced.

### ii. Failure to state a claim

■ Even if the statute of limitations did not bar Hussein's Section 301 claim, the claim would still be dismissed for failure to state a claim. As noted above, to prevail on a Section 301 claim, plaintiff must demonstrate not only that the Hotel breached the CBA, but also that the Union breached its duty to represent plaintiff fairly. To establish a breach of the duty of fair representation, a plaintiff must set forth how the Union's conduct was arbitrary, discriminatory, or in bad faith. *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 16 (2d Cir.1993) (quoting *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). In other words, to establish the Union's breach of its duty of fair representation, Hussein must establish that the Union's agreement to distinguish between A-list, B-list, and roll call waiters was arbitrary, discriminatory, or in bad faith. Review by the judicial system of union action, however, must be "highly deferential, recognizing the wide latitude that [unions] need for the effective performance of their bargaining responsibilities." *Spellacy v. Airline Pilots Ass'n–Int'l,* 156 F.3d 120, 126 (2d Cir.1998) (citations and internal quotation marks omitted).

■ Hussein's primary argument—that the Union discriminated against him as a roll call waiter by excluding him from the share system and by allowing splits to be awarded to regular waiters—must be dismissed. In *Humphrey v. Moore,* 375 U.S.

335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), the Supreme Court held:

> "Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion. Just as a union must be free to sift out wholly frivolous grievances which would only clog the grievance process, so it must be free to take a position on the not so frivolous disputes. Nor should it be neutralized when the issue is chiefly between two sets of employees. Conflict between employees represented by the same union is a recurring fact. To remove or gag the union in these cases would surely weaken the collective bargaining and grievance processes."

*Humphrey,* 375 U.S. at 349–50, 84 S.Ct. 363.

The Second Circuit reiterated these principles in *Haerum v. Air Line Pilots Ass'n,* 892 F.2d 216 (2d Cir.1989), writing:

> [t]he duty of fair representation does not require that a union achieve absolute equality among its members. Rather, because a union by necessity must differentiate among its members in a variety of contexts, a showing that union action has disadvantaged a group of members, without more, does not establish a breach of the duty of fair representation.

*Haerum,* 892 F.2d at 221 (citation omitted). Thus, plaintiff's argument based solely on the fact that three categories of waiters were created by the CBA and are treated differently than each other fails to state a claim that the Union breached its duty of fair representation.[4]

In addition, Hussein has not set forth any allegations that would support an inference that the Union acted arbitrarily. "A Union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the unions's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n Int'l v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (citation and internal quotation marks omitted). Furthermore, "[a] union's reasoned decision to support the interests of one group of employees over the competing interests of another group does not constitute arbitrary conduct." *Spellacy,* 156 F.3d at 129. Accordingly, plaintiff's allegations fail to state a claim.

## CONCLUSION

Hussein has filed a total of ten complaints in this Court, including four within the past year. Seven of these complaints, including this one, have been against the Union, employees of the Union, and hotels where Hussein has been employed as a roll call waiter. *Hussein v. Pierre Hotel, et al,* 2000 WL 776920, No. 99 Civ. 2715(DC) (S.D.N.Y.2000) (motion to dismiss pending); *Hussein v. Waldorf Astoria, et al,* 2000 WL 16928, No. 99 Civ. 1652(DC) (S.D.N.Y.2000) (all claims dismissed except Title VII claim); *Hussein v. Hotel Employees and Restaurant Union Local 6, et al.,* 1999 WL 767429, No. 98 Civ. 9017(SAS) (S.D.N.Y.1999) (motion for summary judgment pending); *Hussein v. Broomfield, et al.,* No. 95 Civ. 41(KMW) (S.D.N.Y.) (dismissed Jan. 26, 1996); *Hussein v. Pierre Hotel, et al.,* 1996 WL 19029, 93 Civ. 3698(MGC) (S.D.N.Y.) (dismissed Jan. 22, 1996); *Hussein v. Pita,* 88 Civ. 2549(TPG) (S.D.N.Y.).

In addition, plaintiff has filed two complaints against judges of this Court, both

---

4. Hussein also fails to allege that he raised the issue of granting splits to A-list and B-list waiters with the Union.

dismissed *sua sponte*. *Hussein v. Chin,* No. 00 Civ. 2415(MBM) (S.D.N.Y.) (dismissed *sua sponte* on Mar. 30, 2000); *Hussein v. Griesa, et al.,* No. 93 Civ. 1268(CLB) (dismissed *sua sponte* on Mar. 4, 1993). Every complaint filed with the Court expends valuable resources. Not every disagreeable incident or decision should become a lawsuit. Plaintiff is hereby informed that the continued filing of non-meritorious actions may result in the entry of an order barring him from filing any future action without prior leave of court pursuant to 28 U.S.C. § 1651(a).

For the reasons set forth above, defendants' motion to dismiss the complaint is granted.