**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 93-CA-00446-SCT**

*BARBARA P. WATTERS AND E. ROBERT WATTERS*

*v.*

*DR. JOHN R. STRIPLING, III*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/02/92 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ANTHONY W. SKIDMORE |
| | JOSEPH P. HUDSON |
| ATTORNEY FOR APPELLEE: | ROGER T. CLARK |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 6/13/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/96 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. In this matter, we consider whether an action is properly dismissed if service is not effectuated within 120 days after filing, absent good cause. We conclude that Rule 4(h) requires a dismissal without prejudice. We also conclude that filing a complaint tolls the statute of limitations, but that, if service is not made upon the defendant within the 120-day service period of Rule 4(h), the clock begins to run again at the end of the 120 days. We affirm the judgment of the trial court dismissing this cause without prejudice.

I.

¶2. On or about March 12, 1988, Barbara Watters sought medical care from Dr. John Stripling for frequent bladder infections and incontinence. On April 11, 1988, Barbara Watters was admitted to the hospital for surgery performed by Dr. Stripling in regard to her complaints. On April 15, 1988, Barbara Watters was readmitted to the hospital with a complaint of postoperative complications and was later discharged on April 21, 1988. Following her discharge on April 21, 1988, Barbara Watters developed a chronic vaginal urine leakage problem and vaginal infections. On or about April 18, 1989, Barbara Watters was examined by Dr. Thad Carter, who diagnosed her as suffering from a possible urethrovaginal fistula. On May 29, 1989, Barbara Watters underwent corrective surgery at Oschner Hospital to close the above mentioned urethrovaginal fistula.

¶3. On April 4, 1991, Barbara and E. Robert Watters filed a medical malpractice action against Dr. John R. Stripling. The Complaint contained the words "Hold Service." On May 15, 1992, the Watters filed an Amended Complaint. Service of this amended complaint was made by certified mail on May 28, 1992. This was the first service made upon Stripling. On June 8, 1992, Stripling filed a motion to quash process and dismiss pursuant to Rule 4(h) and Rule 12. The trial court granted the motion to quash process based on Rule 4(h) and noted the expiration of the statute of limitations. From this the Watters appeal.

## A.

¶4. The Watters claim that the court erred in dismissing their action. Rule 4(h) of the Mississippi Rules of Civil Procedure states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the Court's own initiative with notice to such party or upon motion. [emphasis added].

¶5. Thus, a plaintiff must serve a defendant with process within 120 days or show good cause why service was not made. The Watters amended their complaint over a year after it had been filed. Service was made upon Stripling only after the filing of the amended complaint. This was well after the 120-day period of the initial complaint and the Watters did not show good cause. The Watters argue that their action should not be barred because of the derelict performance by their counsel in not serving Stripling timely. In *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993), the court stated:

> If a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or sua sponte by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service. To establish "good cause" the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Systems Signs Supplies v. United States Department of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

*Peters*, 9 F.3d at 345.

¶6. The Watters do not claim that there was good cause for not serving Stripling. They simply argue that they should not have to suffer the hardship of losing their day in court. The fact that dismissal may work to preclude this action because of the running of the statute of limitation is of no consequence. *Traina v. United States,* 911 F.2d 1155 (5th Cir. 1990) (stating that it is a well settled rule that inability to refile a suit does not bar dismissal under Rule 4(j)). Thus, dismissal was proper.

## B.

¶7. The Watters argue that the filing of the initial complaint tolls the statute of limitations and saves their action. This case was dismissed without prejudice on the lone issue of service within the 120-day service period. The Watters have not refiled this action yet, probably due to the trial court's noting that the statute of limitations has run against them. This notation by the trial court was not the basis for dismissal. However,

in the interest of judicial economy we will consider whether their action still has life. Mississippi Code Ann. § 15-1-36 states in part:

> Except as otherwise provided in this section, no claim in tort may be brought against a licensed physician . . . hospital . . . for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date of the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.

While it may be true that the filing of the action tolled the statute of limitations, the issue becomes, for how long? Should the tolling period end 120 days after filing the first complaint or after the case is dismissed? This issue has not been considered by this Court, but it has in several federal courts. The law in the federal courts appears to be that the filing of an action tolls the statute of limitations until the expiration of the 120-day service period. *See McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Defrancis v. Bush,* 859 F.Supp. 1022 (E.D. Tx. 1994) (finding that the filing of an action tolls the statute of limitations for 120 days); *McGregor v. United States,* 933 F.2d 156 (2nd. Cir. 1991) (stating that plaintiffs did not toll the statute of limitations beyond the 120-day service period); *Frasca v. United States,* 921 F.2d 450 (2nd. 1994) (holding that the filing of a complaint in action under Tort Claims Act tolled the statute of limitations on the underlying claim only for the 120-day period within which plaintiff was required to serve a defendant and not beyond). The Watters are correct in their assertion that the filing of their action tolled the statute of limitation. *Erby v. Cox*, 654 So. 2d 503 (Miss. 1995). However, we hold that it only tolls it for the 120-day service period of Rule 4(h) and the fact that the action is now barred is of no consequence.

¶8. **AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J.**

## McRAE, JUSTICE, DISSENTING:

¶9. Because I do not agree that the statute of limitations begins to automatically run again at the expiration of 120 days, I must respectfully dissent. I agree that the filing of the action is the event which initiates the tolling of the statute of limitations. *Erby v. Cox*, 654 So. 2d 503 (Miss. 1995). However, Rule 4(h) of the Mississippi Rules of Civil Procedure states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why service was not made within that period, **the action shall be dismissed as to that defendant without prejudice upon the Court's own initiative with notice to such party or upon motion**.

(emphasis added). This Rule requires the Court to dismiss the action without prejudice upon its own initiative with notice or by motion. Only after the action is dismissed for failure to serve process within 120 days should the time remaining under the statute of limitations begin to run once again. Otherwise, this Court is encouraging defendants who have actually been served later than 120 days after the complaint was filed

to intentionally delay in moving to dismiss the complaint until expiration of the applicable statute of limitations. This case represents the clear potential for abuse where a defendant who is untimely served may intentionally wait for the statute of limitations to expire before objecting on this basis. More troublesome, however, is that this intentional delay is encouraged at the expense of the injured plaintiff who merely seeks his or her day in court.

¶10. The Mississippi Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action." M.R.C.P. 1; *see, e.g., **Womble v. Singing River Hospital***, 618 So. 2d 1252, 1268 (Miss. 1993) ("statutory period of limitations should be tolled for a reasonable period of time to allow plaintiffs to acquire and peruse the medical records that would provide a basis for any alleged negligence"). The dismissal of the case at hand unjustly precludes the Watters from the possibility of recovery even though they filed her original complaint within the statutory period. *See* M.R.C.P. 3(a) ("A civil action is commenced by filing a complaint with the court"). Such is the reason, particularly in actions for injury or death, we view statutes of repose with disfavor and construe them to preserve a plaintiff's cause of action where the statute is ambiguous. ***Gentry v. Wallace***, 606 So. 2d 1117, 1122 (Miss. 1992).

¶11. Tolling the statute of limitations until the court actually enters the dismissal pursuant to the Rules would have allowed the Watters several more days within which to refile their complaint within the statutory period. Since Rule 4(h) is at the very least ambiguous, as it does not particular address the issue presented by the case at hand, it should be construed in favor of the preservation of the Watters' cause of action. Accordingly, I dissent.

**LEE, C.J., JOINS THIS OPINION.**