**FREEZE–DRY PRODUCTS, INC., Plaintiff,**

v.

**METRO PARK WAREHOUSE, INC., Defendant.**

**Civ. A. No. 94–2209–EEO.**

United States District Court, D. Kansas.

Nov. 18, 1994.

Luke B. Harkins, Kansas City, KS, and William A. Logan, Jr., Lasky, Haas & Cohler, P.C., San Francisco, CA, for plaintiff.

Jacqueline L. Mixon, Dysart, Taylor, Penner, Lay & Lewandowski, P.C., Kansas City, MO, and John F. Horvath and Mary Kay Morrissey, Chicago, IL, for defendant.

*MEMORANDUM AND ORDER*

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on defendant's motion to dismiss (Doc. # 6) and for oral argument (Doc. # 7). For the reasons set forth below, defendant's motions will be denied.

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(5) for failure of service of process. The court has reviewed the parties' briefs on the service issue and determines that oral argument would not be of material assistance in resolving the instant motion. Accordingly, defendant's motion for oral argument will be denied.

■ The complaint in the instant action was filed May 27, 1994. Service was not effected until September 27, 1994, which was

123 days after the complaint was filed.[1] Federal Rule of Civil Procedure 4(m) directs service within 120 days of the filing of the complaint. However, the amended rule no longer requires dismissal for failure to effect service within the prescribed 120 days.[2] Rather, the court is vested with discretion to determine whether dismissal is appropriate. The Advisory Committee Notes to the 1993 amendment to Rule 4(m) state:

> The new subdivision [ (m) ] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

146 F.R.D. 401, 573 (1993); *see also Cargill Ferrous Int'l. v. M/V Elikon*, 154 F.R.D. 193, 195 (N.D.Ill.1994) (discussing the discretionary nature of amended Rule 4(m)). The rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1 (as amended effective December 1, 1993).

The amended rules clearly apply to the instant case. Defendant does not allege any prejudice which will result from the delayed service. Defendant does not claim surprise and plaintiff asserts that defendant was sent a courtesy copy of the complaint on the day it was filed. Plaintiff states that the delayed service was caused by an error by plaintiff's counsel in calculating the 120 days. We acknowledge that such an error would not be good cause under prior cases interpreting Rule 4(j). *See, e.g., Greene v. United States*, 149 F.R.D. 206, 208 (D.Kan.1993).

■ However, under the amended Rule 4(m), we may consider practicalities in exercising our discretion to determine whether to dismiss. Dismissal would be relatively pointless in the instant case. It will not bar plaintiff's claim,[3] but will simply require plaintiff to re-file and re-serve defendant. Under the circumstances, the court determines that service was effected within a reasonable time.

IT IS THEREFORE ORDERED that defendant's motion for oral argument (Doc. # 7) is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. # 6) is denied.

---

1. Service was actually only one day late because the 120th day fell on Saturday, September 24, 1994. *See* Fed.R.Civ.P. 6(a).

2. Rule 4(m) provides in pertinent part:
   Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected with-in a specified time;* provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
   Fed.R.Civ.P. 4(m) (as amended effective December 1, 1993) (emphasis added).

3. According to the complaint, plaintiff's cause of action accrued, at the earliest, on August 18, 1993.