# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01551-SCT

*IRA BANG, SR.*

*v.*

*JOHN S. PITTMAN, D. D. S.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/12/1997 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT G. GERMANY |
| ATTORNEYS FOR APPELLEE: | JOE R. COLINGO |
| | STEPHEN WALKER BURROW |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 9/9/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/21/99 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This is an appeal from orders of the Circuit Court of Jackson County, Mississippi, which (1) dismissed this civil action without prejudice because Bang failed to show good cause for his failure to serve the defendant with the summons and complaint within 120 days of the filing of the complaint as required by M.R.C.P. 4(h) and (2) refused to set aside that dismissal under M.R.C.P. 59(e). A complaint alleging medical malpractice was filed by Ira Bang, Sr., (hereinafter "Bang") and his wife, Anna Bang, against Singing River Hospital and John S. Pittman, D.D.S. (hereinafter "Pittman"), on October 25, 1996. Anna Bang was dismissed as a plaintiff. A motion for additional time to serve process was filed on February 21, 1997. On February 25, 1997, a notice of dismissal as to Singing River Hospital was filed.

¶2. Pittman filed a motion to dismiss and objection to the motion for additional time to serve process on March 4, 1997. The trial court entered its order dismissing this action without prejudice on June 12, 1997, finding that Bang had failed to obtain an order prior to the expiration of the 120 days to show cause why additional time was needed to serve Pittman. The trial court also found that Bang failed to serve Pittman

during the 120 day period from the filing of the complaint and that Bang had failed to provide the court with good cause for the failure to serve Pittman timely.

¶3. Bang filed a motion to set aside the order of dismissal on June 19, 1997. Bang also filed an affidavit in support of his motion for additional time to serve process, allegedly showing good cause why Pittman was not served within the 120 day period. Pittman filed a response to the motion on July 3, 1997.

¶4. The trial court denied Bang's motion to set aside the order of dismissal on October 30, 1997. Bang appealed to this Court on November 26, 1997. Finding no abuse of discretion by the circuit court, we affirm.

## STATEMENT OF FACTS

¶5. On October 25, 1996, Bang filed a complaint against Singing River Hospital and Pittman alleging medical malpractice. Bang alleged that Pittman was negligent in his examination, treatment, and care of Bang and that Singing River Hospital, through its employees, was negligent in the examination, treatment and care of Bang. Anna Bang also sued, alleging loss of consortium arising from the injuries sustained by Bang.

¶6. On February 21, 1997, Howard Butler (hereinafter "Butler"), Bang's process server, attempted to serve process on Pittman. In an affidavit filed with the trial court, Butler outlined the events that occurred that day. Butler called Pittman's office for the purpose of serving the summons and complaint. Butler was told Pittman was out of the office. Butler then went to Pittman's home, where no one answered the door. As Butler was leaving, a car pulled into the driveway of the Pittman home. Butler returned to the house and talked to Mrs. Pittman who offered to accept the summons and complaint. Butler refused to serve Mrs. Pittman, saying he needed to talk to Bang's lawyer first.

¶7. Bang's lawyer advised Butler to serve the summons and complaint on Mrs. Pittman. However, when Butler returned to the Pittman home, Mrs. Pittman refused to accept the summons and complaint.

¶8. Butler then called Pittman's office, where an unidentified woman told him that both Pittman and his wife were in Mobile, Alabama. Butler knew this was untrue because he had just talked to Mrs. Pittman. Butler later asked Steve Sutherland to serve Pittman.

¶9. On February 21, 1997, Bang filed a motion for additional time to serve process. In his motion Bang alleged that Pittman was evading service of process based on the conflicting reports Butler received from Pittman's office and Mrs. Pittman. Bang also stated that an affidavit supporting these allegations would be filed with the court prior to any hearing on the motion. However, this affidavit was not filed until June 19, 1997, well after the hearing on Pittman's motion to dismiss and after the lower court entered an order dismissing the complaint.

¶10. On February 25, 1997, Bang voluntarily dismissed Singing River Hospital as a party to the suit. Pittman was finally served with process on February 27, 1997, 122 days after the complaint was originally filed.

¶11. Pittman filed a motion to dismiss the case on March 4, 1997. His basis was the fact that the summons and complaint had been served 122 days after the filing of the complaint in direct contravention to M.R.C.P 4(h). In the alternative, Pittman objected to Bang's motion for additional time to serve process, stating that Bang had sufficient time to serve the complaint and failed to do so without good cause.

¶12. Pittman noticed Bang that the hearing on his complaint would be held on March 13, 1997. Bang was renoticed that the hearing had been moved to March 27, 1997, then to April 10, 1997, then to May 1, 1997, and then to May 2, 1997. At no time before the hearing did Bang follow through with the language of his motion for additional time to serve and present the affidavit he had promised.

¶13. On June 12, 1997, the lower court entered its order dismissing the cause without prejudice. The court specifically found that Bang "failed to obtain an Order prior to the expiration of 120 days to show cause why they needed additional time to serve Defendant, failed to serve Defendant within 120 days from the date the Complaint was filed, and further did not provide the Court with good cause for the failure to serve Defendant within the prescribed 120 day period. . . ."

¶14. Bang filed a motion to set aside the order of dismissal pursuant to M.R.C.P. 59 on June 19, 1997. At the same time, Bang filed the affidavit from Butler in support of his motion for additional time to serve process. Pittman filed a response to the motion on July 3, 1997. The lower court denied Bang's motion on October 30, 1997. From this denial, Bang appeals to this Court.

## STATEMENT OF ISSUES

**I. WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN DISMISSING BANG'S CASE WHEN IT FOUND THAT BANG HAD FAILED TO ESTABLISH GOOD CAUSE FOR HIS FAILURE TO SERVE PITTMAN WITHIN THE 120 DAY PERIOD PRESCRIBED BY M.R.C.P. 4(h).**

**II. WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN REFUSING TO SET ASIDE ITS JUNE 12, 1997, ORDER OF DISMISSAL BECAUSE BANG FAILED TO SATISFY ANY GROUND FOR RELIEF UNDER M.R.C.P. 59.**

## DISCUSSION OF LAW

**I. WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN DISMISSING BANG'S CASE WHEN IT FOUND THAT BANG HAD FAILED TO ESTABLISH GOOD CAUSE FOR HIS FAILURE TO SERVE PITTMAN WITHIN THE 120 DAY PERIOD PRESCRIBED BY M.R.C.P. 4(h).**

**II. WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN REFUSING TO SET ASIDE ITS JUNE 12, 1997, ORDER OF DISMISSAL BECAUSE BANG FAILED TO SATISFY ANY GROUND FOR RELIEF UNDER M.R.C.P. 59.**

¶15. Because the analysis under Issue I will also be applicable to Issue II, these will be discussed together.

¶16. Bang alleges that the lower court erred in dismissing his case based upon his failure to serve Pittman within the time designated under M.R.C.P. 4(h) and his failure to show good cause why he did not serve

Pittman during the prescribed 120 day period.

¶17. Rule 4(h) of the Mississippi Rules of Civil Procedure states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Rule 4(h) required Bang to serve Pittman with process within 120 days from the filing of the original complaint. *Watters v. Stripling*, 675 So.2d 1242, 1243 (Miss. 1996). Upon his own admission, Bang did not serve Pittman until 122 days after the complaint was filed. However, Bang did file a motion for additional time to serve process before the expiration of the 120 day period. Because of the failure to serve Pittman within the 120 days, Bang was required to show good cause why Pittman was not timely served. *Watters*, 675 So.2d at 1243.

¶18. A determination of what constitutes "good cause" is a discretionary ruling to be made by the trial court. *Rains v. Gardner*, 731 So.2d 1192, 1197 (Miss. 1999). Review of such a ruling by the trial court is limited to an abuse of discretion and substantial evidence standard. *Id.*

¶19. This Court has stated that "[t]o establish 'good cause' the plaintiff must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance' of the rules usually does not suffice.'" *Watters*, 675 So.2d at 1243 (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (citations omitted)).

¶20. Bang asserts that the lower court erred in not finding good cause because it was obvious from the events that Pittman and his wife were avoiding service of process. Because no transcript of the hearing on Pittman's motion to dismiss was provided to this Court, we are limited to a review of the facts that can be gleaned from the record before us. The complaint was filed on October 25, 1996. The summons was issued by the circuit clerk on October 29, 1996, and returned to Bang's attorney. Nowhere in the record is there any mention of attempted service on Pittman before February 21, 1997.

¶21. Bang first attempted to serve Pittman at his office. He placed a call to Pittman's office and was told that he was not there. Bang's process server, Butler, went to Pittman's home where no one answered the door. As he was leaving Butler noticed a car pulling into the driveway. Butler returned to the house and spoke with Mrs. Pittman, who offered to accept the summons and complaint. Butler refused to serve process on Mrs. Pittman without speaking to Bang's attorney. After Butler consulted with the attorney, he returned to the Pittman home where Mrs. Pittman refused to accept the summons and complaint. Butler then called Pittman's office and was told that the Pittmans were in Mobile, Alabama.

¶22. Bang asserts that the contradictory statements given by Pittman's staff and his wife are clear evidence of evasion of service of process. This might be the case if there were information before this Court that Bang had tried numerous times to serve process on Pittman, only to be thwarted by inaccurate information given him by Pittman's office or his wife.

¶23. Bang is further damaged by the language in his motion for additional time. Bang, in his motion, asserted that he would file an affidavit in support of his motion before a hearing on the matter. Bang was noticed and renoticed a total of four times by Pittman regarding the hearing on this matter. There was ample time for

Bang to file the affidavit by Butler. This affidavit was not filed until **after** the trial court denied Bang's motion for more time. Thus, at the time the trial court denied Bang's motion, there was no evidence before the trial court to show good cause.

¶24. This Court fails to see how the failure to serve Pittman within the prescribed time was due to excusable neglect. Bang did not attempt to serve Pittman until February 21, 1997. He contends he was thwarted in his effort to serve Pittman by Pittman himself, Mrs. Pittman, and Pittman's office staff. Bang does not contend that Pittman was hard to find, that his address was unknown, or that he had left town. When Bang filed his motion, he told the court he would have an affidavit in support of his motion before a hearing on the matter. It appears that Bang simply failed to provide the affidavit needed for the trial court to make a decision regarding good cause.

¶25. Simply put, Bang knew where to find Pittman and failed to serve him during the 120 day period. A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days. ***Resolution Trust Corp. v. Starkey***, 41 F.3d 1018, 1022 (5th Cir. 1995). There is no showing in the record provided to this Court that Bang attempted to serve Pittman before February 21, 1997, 117 days after the filing of the complaint. The trial court did not abuse its discretion in denying Bang's motion for additional time.

¶26. Bang next asserts that the trial court abused its discretion in refusing to set aside its order of dismissal pursuant to M.R.C.P. 59. In his motion, Bang states that the dismissal was not supported by substantial evidence, not supported by applicable law, and was contrary to the provisions of M.R.C.P. 4. As previously discussed, there was no substantial evidence for the trial court to find "good cause" in Bang's failure to timely serve Pittman. Further, Bang sets forth no applicable law to support his position. We can reach no conclusion other than the trial court followed the provisions set forth in M.R.C.P. 4.

¶27. Bang also stated that other grounds would be assigned upon a hearing of the motion. However, there is no transcript of this hearing provided to this Court. This Court has stated that it is the appellant's duty to provide a record of any proceedings where a claim of error is made. ***In Re V.R.***, 725 So.2d 241, 245 (Miss. 1998). Because of Bang's failure to provide transcripts of the relevant hearings, this Court is limited to review of the record before it. Whatever grounds Bang may have put forward at the hearing cannot be reviewed by this Court.

¶28. Pittman asserts that the only possible relief available to Bang was under M.R.C.P. 59(e). Rule 59(e) allows an aggrieved party to make a motion to the court to alter or amend its judgment. Because Rule 59 is worded verbatim from Rule 59 of the Federal Rules of Civil Procedure, Mississippi will interpret its rule in accordance with the federal construction. ***King v. King***, 556 So.2d 716, 720 (Miss. 1990)(Robertson, J. & Pittman, J., concurring). Review of a trial judge's denial of a Rule 59 motion is limited to abuse of discretion. ***Jones v. Central Bank***, 161 F.3d 311, 312 (5th Cir. 1998).

¶29. There exist three grounds available to an aggrieved party when seeking to alter or amend a judgment: (1) an intervening change in controlling law, (2) availability of new evidence not previously available, and (3) need to correct a clear error of law or prevent manifest injustice. ***Lockett v. Puckett***, 988 F.Supp. 1019, 1021 (S.D. Miss. 1997). Nowhere does Bang assert that there was a change in controlling law or a need to correct a clear error of law or prevent manifest injustice. Bang does not assert that there is any new evidence that was not previously available to the court.

¶30. The affidavit that Bang filed with his Motion to Set Aside the Order of Dismissal was not new evidence not previously available to the court. The information contained in the affidavit was available when Bang filed his Motion for Additional Time to serve process. The affidavit was executed 10 days before the Order of Dismissal. Bang cannot withhold relevant evidence the he gains before entry of an order of dismissal from the Court then use the same evidence to support a claim of a discovery of new evidence. *Snavely v. Nordskog Elect. Vehicles "Marketeer",* 947 F.Supp. 999, 1011 (S.D. Miss. 1995). The affidavit does not constitute new evidence to justify relief under Rule 59(e).

¶31. Based upon what little information has been supplied to this Court, we find no abuse of discretion by the trial court in granting Pittman's motion to dismiss and in denying Bang's motion to set aside its order. As such, the orders of the trial court dismissing this action without prejudice and denying the motion to set aside are affirmed.

¶32. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**McRAE, JUSTICE, DISSENTING**:

¶33. The majority's opinion upholding the dismissal of a complaint because it was served a mere two days outside the 120 day period prescribed in Miss. R.Civ.Proc. 4(h) is unnecessarily harsh given the circumstances. Where those circumstances include seasonable efforts to serve the defendant and, when those failed, a motion for extension was filed tolling the running of the 120 day time period, I would reach the opposite result. Therefore, I dissent.

¶34. In this case, Bang filed his medical malpractice complaint against Pittman on October 25, 1996. On February 21, 1997, Bang's process server attempted to serve Pittman at his office but was told that Pittman was not there. He went to Pittman's home but found only Pittman's wife there. Although the wife offered to accept the complaint, the process server demurred needing to first confer with Bang's attorney to determine whether it was appropriate to leave the complaint with someone other than Pittman. When he returned to the Pittman home after having been told by Bang's lawyer that he could leave the complaint with Pittman's wife, Pittman's wife refused to accept the complaint. The process server then called Pittman's office and was told that Pitmman and his wife were out of town.

¶35. On that same day, Bang filed a motion for extension of time to serve process. A week later, on February 27, 1997, Pittman was served with the complaint.

¶36. On March 4, 1997, Pittman moved to dismiss the complaint on the basis that it had been served 122 days after filing. The trial court granted the motion and dismissed the complaint without prejudice.

¶37. The federal courts, in determining whether to allow extensions under the federal counterpart to our 4(h), Fed. R.Civ.Proc. 4(m), look at factors such as whether the defendant has evaded service or concealed a defect in attempted service [1] and whether the defendant has been prejudiced by the failure to serve. *See Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 346 (S.D.N.Y.1996). Other important

considerations include whether service was eventually accomplished, and if so, how long after the 120 day time period[(2)], and whether the statute of limitations has expired, thereby barring the plaintiff from refiling the complaint. Fed.R.Civ.P. 4(m), advisory committee notes (1993 Amendment).

¶38. Several of the factors militating against dismissal exist in the instant case. First of all, the filing of the motion for extension of time prior to the expiration of the 120 day period tolls the running of the 120 days. *See e.g.,* ***Bruley v. Lincoln Property Co. N.C., Inc.***, 140 F.R.D. 452 (D.Col. 1991) (a motion to quash service of process or to dismiss a complaint for failure properly to effect service tolls the 120-day period); ***Lord v. Bridges***, 1998 WL 792179 *1 (E.D.Pa. 1998) (NO. CIV.A. 97-6355); ***Arison v. Offer***, 669 So.2d 1128, 1129 (Fla.App. 1996). When it became apparent that Bang would be unable to serve the complaint within the 120 day requirement, he immediately asked for an extension of time. That a hearing was not held immediately on that motion is not surprising. Nonetheless, Bang did not sit by and await a ruling on his motion. He continued in his efforts to serve Pittman and, in fact, effected service two days after the 120 day period ran.

¶39. The fact that the complaint was filed a mere two days outside the 120 period is another, not inconsiderable, factor in Bang's favor. *See* ***Board of Trustees Trucking Employees v. Canny***, 876 F. Supp. 14, 16 (N.D.N.Y. 1995) (denying a motion to dismiss where service was two days late and the statute of limitations would have barred refiling); ***Freeze-Dry Prods. v. Metro Park Warehouse, Inc.***, 159 F.R.D. 45, 46 (D. Kan. 1994) (denying a motion to dismiss where service was one day late due to a calculation error by the plaintiff's attorney, and dismissal was considered "relatively pointless" because the claim would not be time- barred); ***Mejia v. Castle Hotel, Inc.***, 164 F.R.D. 343, 345 (S.D. N.Y. 1996) (extension granted where service was effected nine days after 120 day period expired). To the extent that service was effected after the running of the 120 day period, it was effected almost immediately thereafter. Little harm can be said to have occurred in serving the complaint a mere two days late.

¶40. The fact that Bang attempted to serve Pittman prior to the expiration of the 120 period also assists Bang. Not only did Bang attempt to serve Pittman within the 120 day period, service would have been effected had not Pittman evaded service. A defendant's evasion of service of process provides good cause for granting an extension of time for service of process.

¶41. And, finally, Pittman has demonstrated no prejudice from having been served two days after the running of the 120 day period.

¶42. Under these circumstances, dismissal of Bang's complaint is a penalty much too severe. Therefore, I dissent from the majority's opinion upholding the dismissal of Bang's complaint.

1. *See* Fed.R.Civ.P. 4(m), advisory committee notes (1993 Amendment); ***Gambino v. Village of Oakbrook***, 164 F.R.D. 271, 274 (D.Fla., 1995).

2. *See* ***Bd. of Trustees of Trucking Employees v. Canny***, 876 F. Supp. 14, 16 (N.D.N.Y. 1995)(court exercised discretion to allow service filed two days after the 120 day time limit).