Connie Sue S. BALL and
Augusts F. Ball,

v.

WAL–MART STORES, INC., and
A John Doe, Defendant.

No. Civ.A.4:98CV68LN.

United States District Court,
S.D. Mississippi,
Eastern Division.

Nov. 5, 1998.

---

John Newton Satcher, Heidelberg, MS, for plaintiffs.

Edley H. Jones, III, Law Offices of Edley H. Jones, III, Ridgeland, MS, for defendants.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of defendant Wal–Mart Stores, Inc. (Wal–Mart) to dismiss with prejudice pursuant to Rule 12(c) of the Federal Rules of Civil Procedure based on plaintiffs' ineffective service of process, or alternatively, because plaintiffs' action is barred by the statute of limitations. Plaintiffs Connie Sue S. Ball and Augusts F. Ball oppose the motion, and the court, having considered the parties' memoranda, concludes that defendant's motion is not well taken and will be denied.

By way of its motion, Wal–Mart urges that dismissal with prejudice is required because of plaintiffs' failure to serve process within 120 days after filing their complaint in state court as required by Rule 4(h) of the Mississippi Rules of Civil Procedure, or alternatively, because of their failure to effectuate service before the three-year statute of limitations ran on April 17, 1998. For their part, plaintiffs maintain that good cause existed for their failure to serve defendant within the 120–day period, and that, in any event, because the filing of the complaint had the effect of tolling (interrupting or suspending) the running of the statute of limitations for a period of 120 days, their service on May 22, 1998 was timely. Concluding that filing the complaint suspends the running of the statute of limitations regardless of whether service is made within the 120–day period set forth in Rule 4(h), the court finds that plaintiffs achieved service prior to the expiration of the statute of limitations. The court will therefore deny defendant's motion.

Plaintiffs filed suit in the Circuit Court of Jasper County on October 17, 1997, alleging that Connie Ball was injured during an April 17, 1995 shopping trip as a result of Wal–Mart's negligence. Despite plaintiffs' having forwarded, on that same day, the summons, a copy of the complaint and a $25 check to the Sheriff of Rankin County for service on Wal–Mart, process was not served on Wal–Mart as requested. Six months later, on May 15, 1998, as plaintiffs were preparing to seek a default judgment against Wal–Mart, their attorney discovered that the sheriff's department had failed to serve the October 17, 1997 summons. At that time, without plaintiffs' having requested or received an extension of time by the court to do so, they served Wal–Mart with a second summons on May 22, 1998. On June 19, 1998, Wal–Mart, alleging diversity jurisdiction, removed the action to this court and filed its answer which raised as an affirmative defense that the applicable statute of limitations had run. It did not, however, raise any challenge to the effectiveness of the May 22, 1998 service of process.

■ Rule 4(h) of the Mississippi Rules of Civil Procedure provides as follows:

> If a service of the summons and a complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the

court's own initiative with notice to such party or upon motion.[1]

However, to the extent that Wal–Mart requests dismissal based on a charge of ineffective service of process, its motion must be denied, for defects in service must be asserted in a defendant's answer or pre-answer motion and Wal–Mart failed to do this. Thus, pursuant to Rules 12(g) and (h)(1), Wal–Mart is deemed to have waived any objection to the sufficiency of process. *See* Fed.R.Civ.P. 81(c) (Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal"); *Resolution Trust Corp. v. Starkey,* 41 F.3d 1018, 1021 (5th Cir.1995) (rejecting argument that "mandatory language of Rule 4(j) (i.e., 'an action shall be dismissed' if service is not made within a specified time period) exempts defects in service from waiver provisions of Rule 12" and stating that "the law is clear ... that objections to service are waived if not raised in the answer or pre-answer motion"); and 5A C. Wright and A. Miller, Federal Practice and Procedure § 1395 (2d ed.1990) (following removal, defendant may assert any defense available to him under state law and which has not been lost through operation of Rule 12(g) or (h)). There remains the question of whether plaintiffs' action is barred by the statute of limitation.

Plaintiffs acknowledge that Mrs. Ball's accident occurred on April 17, 1995, and that their causes of action are subject to the three-year statute of limitations prescribed by Miss.Code Ann. 15–49, citing *Watters v. Stripling,* 675 So.2d 1242 (Miss.1996), and argue that pursuant to Mississippi law, the filing of a complaint tolls the limitations period for 120 days. From this, they reason that because the effect of tolling the statute of limitations is to interrupt or suspend its running during the tolling period, thereby enlarging the original limitations period by 120 days, the limitations period in this case did not expire on April 17, 1998 as urged by

Wal–Mart, but rather was extended to August 17, 1998. Plaintiffs maintain, therefore, that their service on May 22, 1998 was timely. *See Chardon v. Soto,* 462 U.S. 650, 652 n. 1, 103 S.Ct. 2611, 2613 n. 1, 77 L.Ed.2d 74 (1983) (using "the word 'tolling' to mean that, during the relevant period, the statute of limitations ceases to run;" stating that " 'tolling effect' refers to the method of calculating the amount of time available to file suit after tolling has ended;" and proposing that if tolling has the effect of suspending the statute of limitations, plaintiff is required to file suit within the amount of time left in limitations period); *Hunter–Boykin v. George Washington Univ.,* 132 F.3d 77, 83 (D.C.Cir. 1998) (concluding that plaintiff's interpretation of tolling as having effect of suspending running of statute of limitations was a reasonable one); *Sheffield v. Davis,* 562 So.2d 384, 385–87 (Fla.Dist.Ct.App.1990) (finding that effect of tolling is to suspend running of statute of limitations, so as to enlarge period within which suit may be filed).

Wal–Mart, also citing *Watters,* apparently agrees that the statute of limitations was tolled for a period of 120 days by the filing of the complaint on October 17, 1997. It nevertheless urges that this tolling did not operate to enlarge the statutory limitations period, which it maintains expired on April 17, 1998. Specifically, while conceding that plaintiffs would have had until mid-August to perfect service had they filed their suit on April 17, 1998, the original expiration date of the statute of limitations, Wal–Mart argues as follows:

> But this is not what Plaintiff did. When she filed suit on October 17, 1997, her 120–day period to effect service began to run then. Recall the holding of the Mississippi Supreme Court in *Watters v. Stripling,* 675 So.2d 1242 (Miss.1996):
>
> > We conclude that filing a complaint tolls the statute of limitations, but that, if service is not made upon Defendant within the 120–day service period of

1. Wal–Mart maintains that because plaintiffs did not have good cause for their failure to serve process within 120 days, Rule 4(h) would have mandated that the state court dismiss the suit without prejudice and that for this reason, it was

likewise mandatory for this court to dismiss the complaint. However, in light of Wal–Mart's failure to preserve this defense, the court will not consider this arguement.

Rule 4(h), *the clock begins to run again at the end of the 120 days.*

*Id.* at 1243. (Emphasis added).

Thus, Wal–Mart's position, as the court perceives it, is that although the filing of a complaint tolls the statute of limitations for a period of 120 days, if the plaintiffs fail to effectuate service within this 120–day period, the "limitations clock" begins to run again *as though plaintiffs had never filed a complaint.* Because the Mississippi Supreme Court has not specifically explained the effect that tolling the statute of limitations has on the amount of time available to file suit after the tolling period has ended, the court is called upon to make an "Erie guess." *See Walker v. Armco Steel Corp.,* 446 U.S. 740, 752–3, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980) ("[T]he policies behind *Erie* and *Regan* control the issue, whether, in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction[.]"); *Henderson v. United States,* 517 U.S. 654, 657 n. 2, 116 S.Ct. 1638, 1641 n. 2, 134 L.Ed.2d 880 ("In a federal-court suit on a state-created right, however, a plaintiff must serve process before the statute of limitations has run, if state law so requires for a similar state-court suit."); *see also Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir. 1998) (examining South Dakota law to determine whether service of process is required to toll statute of limitations); *Saenz v. Keller Industries of Texas, Inc.,* 951 F.2d 665, 667 (5th Cir.1992) (examining Texas law to determine requirements for tolling statute of limitations). For the following reasons, the court is of the opinion that the Mississippi Supreme Court would conclude that upon the filing of a complaint, regardless of whether service of process is effectuated within the 120–day period, the statute of limitations is interrupted for 120 days, and that this time is not counted against the limitations period.

In *Watters,* cited by both parties in support of their respective positions, the issue before the court was how long the filing of the complaint would toll the statute of limitations—until the expiration of the 120–day service period set forth in Rule 4(h) or until dismissal of the case for failure to have served process within the 120–day period. *Watters,* 675 So.2d at 1244. Although the issue presented in the case at bar is different, i.e., the effect of tolling the statute of limitations during the 120–day service period,[2] the court finds language from *Watters* and other recent Mississippi Supreme Court cases to be instructive on the question here presented.

In *Watters,* the plaintiffs filed their first complaint on April 4, 1991, alleging medical malpractice as the result of a surgery performed by Stripling on April 11, 1988, but which was not discovered until April of 1989; the complaint specifically stated that service should be "held." *Id.* at 1243. Thereafter, on May 15, 1992, plaintiffs filed an amended complaint which they served on Stripling on May 28, 1992. *Id.* On June 8, 1992, Stripling filed his motion to quash process and dismiss pursuant to Rule 4(h) and Rule 12. *Id.* The lower court granted Stripling's Rule 4(h) motion, noting in its order that the statute of limitations had expired. *Id.* On appeal, the Mississippi Supreme Court, finding that plaintiffs had failed to demonstrate good cause for their failure to serve the defendant, upheld the trial court's dismissal under Rule 4(h). *Id.* at 1243–44.

Observing that the trial court's dismissal was based on the lone issue of the timeliness of service under Rule 4, the supreme court nevertheless, in the interest of judicial economy, considered the Watters' argument that because the filing of the initial complaint tolled the statute of limitations, their action was timely. *Id.* at 1244. Addressing this

---

2. Specifically, the court framed the issue as follows:

> While it may be true that the filing of the action tolled the statute of limitations, the issue becomes, for how long? Should the tolling period end 120 days after the filing of the complaint or after the case is dismissed? The

issue has not been considered by this Court, but it has in several federal courts. The law in the federal court appears to be that the filing of an action tolls the statute of limitations until the expiration of the 120–day service period. *Watters,* 675 So.2d at 1244.

argument, the court opined as follows: "We also conclude that filing a complaint tolls the statute of limitations, but that if service is not made upon the defendant within the 120–day service period of Rule 4(h), the clock begins to run again at the end of the 120 days."

In *Watters*, the Mississippi Supreme Court deemed the statute of limitations to be interrupted or the running of the limitation clock to have stopped, during the 120–day period. In this court's opinion, the import of the *Watters* opinion is that at the expiration of 120 days, the clock is restarted (but not reset), giving the plaintiffs the same amount of limitations time to file suit from that date that they had when they first filed the complaint. In other words, the 120 days is not counted against the limitations period. *See Evans v. Oberon Holding Corp.*, No. 97–CA–00710 COA, 1998 WL 526497, at *3 (Miss.Ct. App., August 18, 1998) (concluding that even if amended complaint related back to original complaint which was filed two days before expiration of statute of limitations, plaintiff's claim was nonetheless time-barred based on her failure to serve defendant within two days of expiration of tolling period); *Ortega v. Pajaro Valley Unified School Dist.*, 64 Cal.App.4th 1023, 1047, 75 Cal.Rptr.2d 777, 792 (1998) ("Tolling refers to suspending or stopping the running of the statute of limitations. It is analogous to a clock stopping, then restarting."); *Rothschild v. NME Hospitals, Inc.*, 707 So.2d 952, 953 (Fla.Dist.Ct. App.1998) ("Since a tolling provision interrupts the running of the statutory limitations period, the statutory time is not counted against the claimant during the ninety-day period. In essence, the clock stops until the tolling period expires and then begins to run again."); *cf. Sullivan v. Trustmark Nat'l Bank*, 653 So.2d 930, 931 (Miss.1995) (discussing construction of Miss.Code Ann. § 15–1–63 and stating that "[t]he period of time

that the defendant's whereabouts are unknown is deducted from the period of the statute which would otherwise have run, in effect adding time to the statute of limitations. However, the statute of limitations is not tolled where the plaintiff knew or should have known of the defendant's whereabouts.").

While Wal–Mart would read the Mississippi Supreme Court's statement in *Watters* to mean that "the clock begins to run again, [*as if it had never stopped* ]," this interpretation would seem to run contrary to the state court rule that it is the filing of the complaint, not service of process, which tolls the statute of limitations. *See Norman v. Bucklew*, 684 So.2d 1246, 1256 (Miss.1996) (citing *Erby v. Cox*, 654 So.2d 503, 505 (Miss.1995)) (*Erby* "clearly held that the filing of the complaint is what acts to toll the period, not service of process. Accordingly, as Norman's official capacity claims were filed within the applicable statute of limitations, the statute of limitations for this claim was tolled"). If this interpretation were accepted, then tolling would occur only in those case which were filed within the last 120 days of the statutory time period.

Based on the foregoing, the court concludes that, in the case at bar, plaintiffs timely served Wal–Mart.[3] Therefore, it is ordered that defendant's motion to dismiss is denied.

SO ORDERED.

---

3. The court, is, of course, aware of Wal–Mart's argument that

> [i]f Plaintiff's logic is followed, she would have an endless supply of 120–day periods to serve defendant with process. It is the position of Defendant that any given plaintiff can toll the statute of limitations under Rule 4(h), but may do so only once. Whether this tolling of the statute comes at the beginning, middle, or end

of the 3–year limitations period is up to the Plaintiff but she cannot have more than one bite at this particular apple.

While there is a ring of logic to Wal–Mart's argument, the court notes that plaintiffs in the instant case have not attempted to toll the statute of limitations for a second time by filing another complaint and thus, this issue is not before court.