# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00672-SCT

*LINDA LEBLANC*

*v.*

*ALLSTATE INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/13/2001 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | FRANK TOMENY, III |
| | PHILIP THARP DEAN |
| ATTORNEYS FOR APPELLEE: | WILLIAM C. GRIFFIN |
| | J. WRILEY McKEOWN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AS MODIFIED - 03/07/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/28/2002 |

**BEFORE McRAE, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. This is an appeal taken from Lowndes County Circuit Court's final judgment of April 13, 2001, which dismissed this civil action with prejudice because Linda LeBlanc ("LeBlanc") failed to served a complaint and summons on Allstate Insurance Company ("Allstate") within 120 days under Rule 4 (h) of the Mississippi Rules of Civil Procedure. The trial court further found that LeBlanc failed to demonstrate "good cause" for failure to serve in order to justify any extension of time to effect service.

¶2. LeBlanc filed her complaint against the Estate of Joseph M. Connor ("Connor"), George M. Ouzts ("Ouzts") and Allstate on September 29, 1999. Process was not issued as to Allstate until August 22, 2000. Allstate was served with process on August 23, 2000.

¶3. On February 12, 2001, the trial court conducted a hearing on Allstate's motion to dismiss for lack of process within 120 days. LeBlanc's attorneys alleged that she received severe injuries from the automobile accident on September 29, 1996, which affected her memory and thought process, thereby limiting her ability to cooperate with her attorneys in handling her case. She alleged that her ex-husband (the presumed policy holder) and his insurance agent would not cooperate with LeBlanc's attorneys in providing information as to possible uninsured motorists coverage with Allstate.

¶4. The trial court, citing ***Bang v. Pittman***, 749 So.2d 47 (Miss. 1999) and ***Rains v. Gardner***, 731

So.2d 1192, 1197 (Miss. 1999), granted the motion to dismiss Allstate with prejudice.

## FACTS

¶5. On September 29, 1999, LeBlanc filed a complaint in the Lowndes County Circuit Court naming Connor, Ouzts and Allstate as party defendants to the lawsuit. On September 29, 1996, LeBlanc was a passenger in a motor vehicle operated by Connor. The vehicle was involved in a collision with a motor vehicle operated by Ouzts. LeBlanc's complaint alleged the following facts:

1. On September 29, 1996, LeBlanc was a passenger in a motor vehicle operated by Connor.[1] At said time, said vehicle was involved in a collision with a motor vehicle operated by Ouzts;

2. As a result of said collision, LeBlanc incurred and will continue to incur medical expenses and lost wages, endured and will continue to endure pain and suffering and has sustained a permanent disability;

3. Said Connor and Ouzts maintained a liability insurance policy the limits of which are insufficient to pay the damages which LeBlanc has sustained as a result of said collision. Alternatively, said Connor and Ouzts maintained no liability insurance policy through which the damages LeBlanc will be paid;

4. LeBlanc maintained a policy of insurance which provided uninsured motorist coverage with Allstate under the terms of which the damages sustained by LeBlanc should be paid;

5. LeBlanc sought a judgment from Connor and Ouzts in the sum of $1,5000,000.00 and additionally, LeBlanc sought a judgment from Allstate for the amount of policy limits.

¶6. According to the record, LeBlanc never asked the circuit clerk to issue a summons for Allstate before September 22, 2000.[2] Allstate was served on September 23, 2000, almost eleven months after the complaint was filed on September 29, 1999.

¶7. On appeal, LeBlanc raises the following issue:

**I. Whether the trial court erred in dismissing the complaint against Allstate pursuant to Rule 4(h) of Mississippi Rules of Civil Procedure.**

## ANALYSIS

¶8. LeBlanc alleged on appeal that "good cause" existed for the trial court to have allowed service of process on August 22, 2000, more than 120 days since filing the complaint on September 29, 1999, for damages suffered by LeBlanc on September 29, 1999. Our analysis begins with a review of the applicable provision of the Mississippi Rules of Civil Procedure Rule 4(h) which states:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

¶9. The determination of whether "good cause" exists is a "discretionary ruling on the part of the trial court and entitled to deferential review of whether the trial court abused its discretion and whether there was

substantial evidence supporting the determination." ***Rains v. Gardner***, 731 So.2d 1192, 1196 (Miss. 1999).

¶10. LeBlanc's former attorney testified at the hearing held on Allstate's motion to dismiss as a witness for LeBlanc. LeBlanc's attorney alleged that she was unable to assist her attorneys due to her severe injuries from the automobile accident, including injuries to her brain which caused impairment of her memory and thought process, and prevented them from getting the complaint served within the 120 days as required under Rule 4(h). LeBlanc's attorney further alleged that "the tenuous relationship between [LeBlanc] and her ex-husband (the presume policy holder)" contributed to LeBlanc's attorneys being unable to obtain information whether Allstate was a proper defendant to be served with process. LeBlanc's ex-husband would not authorize the insurance agent to release the policy information.

¶11. LeBlanc's attorney did not know if an insurance policy existed with Allstate.[3] LeBlanc's attorneys feared that the issuance of process on Allstate would subject them to a claim for a filing of a frivolous lawsuit against Allstate. Some eleven months after filing suit, LeBlanc's attorneys received a copy of a cover page indicating arguable coverage with Allstate on the ex-husband's two vehicles, including uninsured motorist coverage at the time of the accident.

¶12. This Court in ***Watters v. Stripling***, 675 So.2d 1242, 1243 (Miss. 1996) (quoting ***Peters v. United States.***, 9 F.3d 344, 345 (5th Cir. 1993)) stated:

> If a plaintiff fails to served the defendant properly within 120 days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service. To establish "good cause" the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *See **Systems Signs Supplies v. United States Dep't of Justice***, 903 F.2d 1011, 1013 (5th Cir. 1990).

¶13. In ***Bang v. Pittman***, 749 So.2d 47, 49 (Miss. 1999), Bang failed to serve Pittman with the summons and complaint within 120 days of filing the complaint on October 25, 1996. ***Id***. On February 21, 1997, a motion for additional time to serve process was filed alleging that Pittman was evading service of process. Pittman on March 4, 1997, filed a motion to dismiss and objection to the motion for additional time to serve process. ***Id***. The trial court dismissed the action without prejudice on June 12, 1997, for failure to serve process within 120 days and for failure to show good cause why service had not been perfected. ***Id***. Bang sought to have the dismissal set aside which was denied October 30, 1997. ***Id***.

¶14. This Court stated in ***Bang*** that:

> Simply put, Bang knew where to find Pittman and failed to serve him during the 120 day period. A plaintiff must be diligent in process within 120 days. ***Resolution Trust Corp. v. Starkey***, 41 F.3d 1018, 1022 (5th Cir. 1995). There is not showing in the record provided to this Court that Bang attempted to serve Pittman before February 21, 1997, 117 days after the filing of the complaint. The trial court did not abuse its discretion in denying Bang's motion for additional time.

***Id***. at 52.

¶15. In the case sub judice, the trial court considered the reasons advanced by LeBlanc for failure to

accomplish service of process within 120 days prescribed under M.R.C.P. 4(h), including LeBlanc's medical condition, as well as, the difficulty in obtaining information regarding Allstate's coverage. The trial court did not find that good cause existed to excuse LeBlanc's failure to comply with M.R.C.P. 4(h). On March 30, 2001, the trial court specifically set forth its reasoning in its Order Granting Defendant's Motion to Dismiss the complaint as to Allstate with prejudice before handing down its final judgment on April 13, 2001. The trial court stated in pertinent part as follows:

> The Court: During the hearing the court conducted upon this matter, former counsel for the plaintiff [LeBlanc] testified on the stand that he did not have process served upon the defendant Allstate because at that time he was not completely sure that the plaintiff did indeed have a policy with Allstate, and he made an "ethical decision" to not pursue a frivolous lawsuit. Plaintiff's former counsel further alleged that the plaintiff was suffering some mental confusion as a result of the automobile accident and could not assist him overly much with his inquiries, and attempts to contact the plaintiff's ex-husband were met with some resistance. When the plaintiff later retained new counsel, inquiries to her ex-husband produced the Allstate policy information, and process was subsequently issued.

> M.R.C.P. 4(h) provides as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

> *Rains v. Gardner*, 731 So.2d 1192, 1197 (Miss. 1999), states that a determination of what constitutes good cause "would be a discretionary ruling on the part of the trial court." Further, *Bang v. Pittman*, 749 So.2d 47, 52 (Miss. 1999) states, "A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days." In reviewing the applicable law, the briefs filed by counsel, and the testimony presented at the motion hearing, the court finds that the plaintiff under the standard presented by the Supreme Court of Mississippi in the cases cited supra has failed to show good cause why process was not served. This court on a fairly routine basis grants motions for extensions of time in which to serve process and feels that it would have granted such a motion in this cause under the existent circumstances. In addition, the court finds that the plaintiff's failure to even have process issued shows a lack of diligence beyond excusable neglect. And furthermore, the court, while applauding counsel's desire not to pursue a frivolous lawsuit, finds that a better cause of action would have been to serve Allstate with process within the time allowed, then dismiss Allstate as a defendant party at a later date if the policy information did not arise during discovery.

> Therefore, the court finds that the plaintiff has failed to show good cause for not serving process upon the defendant Allstate and hereby grants Allstate's Motion to Dismiss with Prejudice since the statute of limitations has run in this matter.

¶16. The trial court did not abuse its discretion in dismissing the complaint as to Allstate. This Court has not been supplied substantial evidence to support the determination that the trial court abused its discretion. As stated by the trial court, Allstate could have been served the complaint in compliance with M.R.C.P. 4(h) and then released as a defendant when further information became available. LeBlanc never demonstrated that all discovery methods available under the Mississippi Rules of Civil Procedure had been exhausted.[(4)]

¶17. However, the trial court did err in dismissing the complaint with prejudice rather than without prejudice. *See Watters*, 675 So.2d at 1243. M.R.C.P. 4(h) requires that if service of the summons and complaint is not made upon the defendant within 120 days, "the action shall be dismissed as to that defendant without prejudice." Therefore, we modify the trial court's decision to be without prejudice.

¶18. Furthermore, LeBlanc never sought an extension of time from the trial court to perfect service. This Court in *Crumpton v. Hegwood*, 740 So.2d 292, 295 (Miss. 1999), upheld on appeal the trial court's decision to extend the 120 days after filing of the complaint for service for 60 additional days citing excusable neglect even though the 120 days have expired prior to the request for the 60 day extension. Therefore, LeBlanc's argument does not suffice for excusable neglect for failure to serve Allstate within the time prescribed in M.R.C.P. 4(h).

## CONCLUSION

¶19. For these reasons the Lowndes County Circuit Court's judgment granting Allstate's motion to dismiss is affirmed, but modified to be without prejudice.

¶20. **AFFIRMED AS MODIFIED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR.**

1. Connor died as a result of the automobile collision.

2. The record does not reflect that summons were ever issued for Connor or Ouzts.

3. LeBlanc did not file any affidavit or written response to Allstate's motion to dismiss. Furthermore, no correspondence or medical records were made a part of the hearing to demonstrate attempts to contact LeBlanc, LeBlanc's ex-husband or Allstate for information or LeBlanc's impairment. The only evidence presented on behalf of LeBlanc was the testimony of her former attorney.

4. The record does not reflect that any subpoenas had been issued by LeBlanc nor that anyone was deposed by LeBlanc.